DELIA A. PALMER, Respondent, *v.* GEORGE B. DEARING, Appellant.

While previous knowledge, by a party injured, of a dangerous situation, or impending danger, from which a person of ordinary intelligence might reasonably apprehend injury, generally imposes upon him greater care and caution in approaching it, the degree of care required is a question of fact for the jury.

Plaintiff's husband leased of defendant a portion of the second story of a house; the stair-way leading to that story was covered with oil-cloth, in which was a broken spot on the edge of a step; this defendant, in the contract of letting and frequently afterward, agreed to repair. Plaintiff had occasion to go up and down the stairs daily and knew of the defect and its location. In going down one morning her foot caught in the broken oil-cloth; she was thrown down and injured. In an action to recover damages it appeared that plaintiff at the time of the accident did not take hold of the banisters and wore a cloak folded around her. The stair-way was dimly lighted, plaintiff testified that defendant's agent had promised her a day or two before the accident to immediately repair the defect and she supposed he had done so. *Held,* that the question of contributory negligence was properly submitted to the jury.

(Argued May 10, 1883 ; decided June 5, 1883.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made September 18, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries received by plaintiff from falling down a stair-way in a flat or apartment house, a portion of the second story of which was rented of defendant by plaintiff's husband.

The material facts are stated in the opinion.

*Samuel Hand* for appellant. The plaintiff should have been nonsuited, because upon the facts as stated by herself (assuming that defendant was chargeable with the condition of the oil-cloth), it cannot be concluded that she used the proper care to avoid the danger so well known to her. (*Koch* v. *Vil. of Edgewater*, 14 Hun, 544; *Niven* v. *City of Rochester*, 76 N. Y. 619; *De Forest* v. *Jewett*, 88 id. 264; *Gibson* v. *Erie Ry.*, 63 id. 667; *Lanigan* v. *N. Y. Gas Co.*, 71 id. 29.) If the defendant had contracted to keep this oil-cloth in repair, plaintiff or her husband could properly have nailed it down. (*Myer* v. *Burns*, 35 N. Y. 269; *Flynn* v. *Hatton*, 43 How. 333.) Defendant was not liable for the defect in the stair-way, or chargeable with legal negligence to his tenant for its being out of repair. (*Flynn* v. *Hatton*, 43 How. 333; *Walker* v. *Swayzee*, 3 Abb. 136; *Hexter* v. *Knox*, 63 N. Y. 561; *Myer* v. *Burns*, 35 id. 269.) In the absence of a contract the landlord is not liable to any extent for the want of repair in the premises. (*O'Brien* v. *Capwell*, 59 Barb. 497; *McGashon* v. *Talmadge*, 27 N. Y. 313; *Sherwood* v. *Seaman*, 2 Bosw. 130; *Howard* v. *Doolittle*, 3 Duer, 464–473; *Hart* v. *Windsor*, 12 M. & W. 68; *Doupe* v. *Genin*, 45 N. Y. 119.)

*James Troy* for respondent. Defendant having promised to repair the oil-cloth without delay when notified, as was his duty, plaintiff had the right to believe that he would and did perform his duty. (*Newton* v. *N. Y. C. R. R. Co.*, 29 N. Y. 383; *Bassett* v. *Fish*, 75 id. 303; *Plant* v. *N. Y. C. R. R. Co.*, 60 id. 607; *Willey* v. *Mulledy*, 78 id. 314.)

RUGER, Ch. J. This is an action by the wife of a tenant against the landlord to recover for injuries arising from a fall

occasioned through the alleged negligence of the defendant in
failing to repair the broken covering of a stair-way upon the
demised premises.   It is argued that upon the whole evidence
the court should hold not only that the plaintiff was guilty of
contributing negligence, but that the defendant owed no duty
to the plaintiff to repair the defect which occasioned the injury.
The plaintiff's husband, with his family, occupied under a
parol lease from the defendant a portion of the second story
of a house in the city of Brooklyn.   The defendant's alleged
negligence consisted in his omission to repair a broken spot in
the oil-cloth, covering the stair-way leading from the second
story to the hall below, which he had agreed, both in the con-
tract of letting and subsequently on numerous occasions, to
repair and keep in good condition.   His attention was called
to the dangerous character of the defect on several occasions
before the accident, and on each occasion he promised to repair
the same.   The evidence showed that the plaintiff commenced
the occupation of the house about the 1st of May, 1879, at
which time the stair-ways were covered with oil-cloth, and at
the edge of each stair a piece of zinc was nailed to protect the
cloth from wearing out.   In July or August of that year the
zinc upon one of the stairs had been injured by an accident
and a hole was worn in the cloth on the edge of the stair.
The evidence showed that this hole had remained unrepaired
from the time it was originally worn in February or March
until the 7th day of May, 1880, when the plaintiff was injured.
The evidence also tended to show that the plaintiff knew, at
the time of the accident, of the existence and location of the
defect on the stair, and that on the morning of the accident
she left her room for the purpose of going to market, and in
passing over the stairs caught her foot in the broken cloth and
was precipitated down the stairs and severely injured.   She
had frequently passed over this stair-way, her domestic duties
requiring her to descend it daily, since it furnished the only
means of communication between the upper and the lower
part of the house.   The hall in which the stair-way was situ-
ated was lighted only by a window over the front door, which

furnished an imperfect light. The plaintiff did not take hold of the banisters as she descended the stairs and wore a cloak folded around her person, thus being impeded, in case of accident, from recovering her foothold and obviating an injury. The plaintiff testified that the defendant's agent had promised her, a day or two before the accident, to immediately repair the defect, and she supposed when she went out that morning that he had done so. The only question raised on the trial by the defendant related to the alleged contributory negligence of the plaintiff, and the exceptions taken by him bring that question alone here for review. The only exceptions taken to the rulings of the court were upon defendant's motion for nonsuit, made at the close of the plaintiff's evidence, and also at the close of all of the evidence in the case, and to the refusal by the trial court of certain requests to charge the jury. These requests were based upon the assumption by the defendant that the previous knowledge by the plaintiff of the existence of the defect in question furnished conclusive evidence of her contributory negligence in causing the injury complained of. We do not think the exceptions well taken, or that the defendant was entitled to have the jury charged as requested.

While previous knowledge by a party injured of a dangerous situation, or impending danger, from which a person of ordinary intelligence and prudence might reasonably apprehend injury generally imposes upon him the duty of exercising greater care and caution in approaching it, yet the degree of care which should be required of such a person has uniformly been held in this State to be a question of fact to be determined by the jury. (*Bassett* v. *Fish*, 75 N. Y. 304; *Weed* v. *Village of Ballston Spa*, 76 id. 329; *Niven* v. *City of Rochester*, id. 619; *Lanigan* v. *N. Y. Gas Light Co.*, 71 id. 29.)

The motions for nonsuit were based solely upon the claim of contributory negligence on the part of the plaintiff, and involve a consideration of all of the evidence bearing upon that question.

The jury might, upon the evidence in this case, have reason-

ably concluded that the plaintiff was not guilty of negligence in passing unconsciously over this dangerous stair, which she was called upon to use so frequently while in the discharge of her domestic duties and at a time when her attention might properly have been diverted by natural and unavoidable causes.

It would be an extremely harsh rule which should require the plaintiff who was called so often to pass this place to have kept her mind invariably fixed upon its character and to make her responsible for an omission to exercise incessant vigilance in passing over it.

At all events she could hardly as a matter of law be chargeable with negligence in descending this stair-way at a time when she had some reason to suppose, from the assurances of the defendant, that the defect had been repaired and the danger removed.

For the same reasons the omission to use the banisters to guard herself against a possible accident was a fact for the consideration of the jury in connection with the other circumstances of the case, and if they concluded that she relied upon the promises of the landlord to repair the defect, she might well have been excused from exercising a precaution which she might otherwise have been required to observe. It does not follow as matter of course that, because the defendant had once or twice failed to perform his promise to repair this broken stair-way, the plaintiff had no reason for relying upon his subsequent promise to do so. The degree to which the plaintiff relied upon, or had a right to rely upon, the promise of the landlord was purely a question of fact and not of law, and the question put to her as to whether she did rely upon such promise bore directly upon the issue of the plaintiff's negligence and was properly allowed.

The circumstance that the plaintiff wore her cloak which rendered her less capable of guarding herself from injury in case of an accident was also a fact purely for the consideration of the jury. The cloak certainly was not the proximate or even the remote cause of the accident, and it is a matter of

some speculation as to whether in its absence she might have saved herself from the injuries which occurred to her. (*Salter v. Utica and Black River R. R. Co.*, 59 N. Y. 631; *Poulin v. Broadway and Seventh Ave. R. R. Co.*, 61 id. 621.)

We think upon the whole case that it was one which in all of its aspects was properly submitted to the jury, and that no error was committed upon the trial that calls for consideration here.

The judgment should be affirmed.

All concur.

Judgment affirmed.