Hildebrand *v.* Schenck.

## City Court.

*Trial Term—February,* 1886.

## HILDEBRAND *against* SCHENCK.

A tenant residing in a tenement house fell down stairs and sued the landlord on the ground that it was his duty to light the gas in the lower hall and that she fell because he failed to perform that duty. *Held,* that she could not recover.

As to liability for fall of ceiling, see note.

Motion for new trial.

*M. Altmyer*, for plaintiff.

*John Hardy*, for defendant.

McADAM, Ch. J.—The landlord agreed to furnish gas-light for the lower hallway of the tenement-house in which the plaintiff resided. On the night of February 5, 1883, the landlord failed to perform this duty. The plaintiff, while walking down stairs, fell and was injured, and sues to recover $2,000. This is practically the entire case. The complaint was dismissed and the plaintiff moves for a new trial.

The direction was right. The plaintiff knew the gas was not burning at the time, and ought to, if safety required, have taken a candle or match to light the way. The danger was not a secret one, bnt patent, and was as apparent to the plaintiff as to the defendant. She had no right to walk in the dark at the defendant's risk. This remote kind of constructive or inferential negligence will not support an action (98 *N. Y.* 635). To sustain an action for negligence, the damage must be the legitimate sequence of the thing amiss; otherwise the cause is too remote (*Cooley on Torts*, 68). To illustrate: Suppose a gas company agrees to furnish gas to a dwelling, and fails to do so, does it in consequence become liable to inmates who fall down stairs? Certainly not. Such a possibility was not contemplated when the contract was made. The remedy is to furnish other light, and sue the company for the breach, and the damages will be those naturally flowing from the breach, but will not include bruises and wounds. Besides, the plaintiff was not free from fault; and between two wrongdoers the law leaves the consequences to rest where they have chanced to fall (*Cooley, supra*, 672).

Motion for new trial denied. (See 47 *N. Y. Super. Ct.* 341).

Hildebrand *v.* Schenck.

### Duty to Light Hallways.

The New York common pleas intimate, in Pfeiffer *v.* Ringler, 12 *Daly*, 439, that an employer does not owe to his workmen the duty of lighting his hallways, and in O'Sullivan *vs.* Norwood, 8 *St. Rep.* 388, hold that the landlord of a dwelling let in tenements to different tenants owes the duty of lighting the hallways, if this precaution is necessary to make them reasonably safe.

### Effect of Previous Knowledge of Danger.

Where previous knowledge by a party injured, of a dangerous situation, or impeding danger, from which a person of ordinary intelligence might reasonably apprehend injury, generally imposes on him greater care and caution in approaching it, the degree of care required is a question of fact for the jury, (Palmer *v.* Dearing, 93 *N. Y.* 7; Bassett *v.* Fish, 75 *Id.* 304; Weed *v.* Village, etc., 76 *Id* 327; Niven *v.* City, etc., *Id.* 619; Lanigan *vs.* N. Y. Gas Co., 71 *Id.* 29).

### Defective Stairs.

The supreme court of Iowa held, in Struble *v.* Chicago, M. & S. P. R.R. Co. (33 *Repoter*, 280), that a workman who uses stairs must exercise proper watchfulness over their condition, and, if they are exposed to wear or destruction from use, he must see that repairs are made, or must report the fact to his employer or other person having charge of the thing to be repaired.

### Injuries Sustained in Hallway.

One socially visiting a tenant may maintain an action for injuries by negligence against the landlord if they were caused by defects in the hall-way, of which the landlord had notice (Henkel *v* Miner, 31 *Hun*, 28; O'Sullivan *v.* Norwood, 8 *St. Rep.* 388 ; Palmer *v.* Dearing, 93 *N. Y.*). If the landlord agrees to repair a defect, as to whether the tenant had the right to assume that it had been remedied, see 29 *N. Y.* 383; 75 *Id.* 303; 60 *Id.* 607; 78 *Id.* 314.

"The plaintiff in the court below sued the landlord for injuries sustained by catching her heel on a tack in the oil-cloth of the hallway. The court below charged that the plaintiff was entitled to recover damages. *Held*, where the owner of a building divides it into several tenements which he lets to various tenants, but retaining to himself control of the halls and stairways for the common use of the occupants

and those who have lawful occasions to be there, he is bound to see that reasonable care and skill are required to render the halls and stairways reasonably fit for the uses which he thus invites others to make of them, and he is responsible for any injury which others, lawfully using them with due care, sustain through his failure to discharge his duty. But he is not answerable for defects which do not render the halls or stairways reasonably unfit for use, or which reasonable care and skill would not prevent. Rule made absolute " Opinion by Dixon, J., Gibson *v.* Riley, Supreme Ct. N. J., November 3, 1887.

## Fall of Ceiling.

A tenant cannot recover damages from his landlord for personal injuries by the fall of ceiling which the landlord had covenanted to but failed to repair, since such damages could not have been within the contemplation of the parties, and because, if the tenant knew of the danger from the disrepair of the ceiling he voluntarily assumed the risk (Kabus *v.* Frost, 50 *N. Y. Super. Ct.* 72). In Loring *v.* Clark, *City Ct. Trial Term, March* 1886, McAdam, Ch. J., in his opinion said : "It is very difficult to lay down any general rule defining the cases in which a landlord is guilty of negligence and the tenant free from fault where the ceiling in a house falls and causes damage to person or property. The facts which charge negligence upon the landlord generally impute knowledge of the danger to the tenant in actual use of the premises, who, in consequence, becomes chargeable with contributory negligence for remaining in a place of known danger when his plain duty is to avoid it. No secret defect has been shown, and no notice to or knowledge in the landlord has been proved. The witnesses produced by the defendant proved that the plastering and water-pipes were put in thorough order. These witnesses were disinterested business men, whose evidence is entitled to credence. Under the circumstances, the fall must be attributed to accident, rather than want of care or neglect of duty on the part of the landlord, and there must be judgment for the defendant, with costs, and 2½ per cent allowance."

In White *v.* Sprague (9 *St. Rep.* 220), a janitress was held entitled to recover for the fall of a ceiling in a tenant house, where it appeared that the accident occurred on March 23, 1885, and, either in the last of February, or the first week in March, the landlord's attention was called to the condition of the plastering, which at that time had become badly cracked and somewhat threatening. Evidence was given of the fact that the landlord then stated that he would have the plastering attended to right away, although he did not at the time consider it to be dangerous. But he gave the subject no further attention until after the happening of the accident. Upon this evidence, the court held

that the landlord was chargeable with neligence, upon the rule that "if a landlord lets premises, and agrees to keep them in repair, and he fails to do so, in consequence of which any one lawfully upon the premises has aeen injured, he is responsible for his own negligence to the party injured" (Citing Edwards v. New York & Harlem R. R. Co., 98 N. Y. 245, 248, 249).