Thomas Dollard, Respondent, *v.* Edward Roberts, Appellant.

In an action to recover damages for loss of service, etc., of the plaintiff's minor daughter and the expense of medical attendance as the result of injuries to her from the falling of plaster from the ceiling of a hallway on the ground floor in a tenement-house owned by defendant, an upper floor of which was leased to and occupied by plaintiff with his family, which hallway was used in common by the tenants, the following facts appeared: Some time prior to the injury water had leaked through the plaster at the place where it fell, and the attention of H., from whom plaintiff rented and who collected the rents and attended to the repairs, had been called to the condition of the ceiling and to the danger that the plaster would fall, and he promised to have it repaired, but had failed to do so. *Held,* that defendant owed to his tenants the duty of exercising reasonable care in keeping the hallway in suitable repair and condition for their use; that the knowledge of H. as to the condition of the ceiling was, as between plaintiff and defendant, sufficient to charge the latter with notice; that it was a question for the jury whether the falling of the plaster was reasonably to be apprehended, and so as to whether defendant was chargeable with negligence.

Also *held,* the fact that plaintiff and his daughter had knowledge of the condition of the ceiling and may have apprehended that the plaster would fall, did not necessarily charge either of them with contributory negligence in passing under it; that while the duty was imposed upon her of using due care to avoid danger, it could not be said as matter of law that she failed in that respect by not constantly having in mind the condition of the ceiling when passing through the hallway, as she was obliged to do in going to and fro.

At the time of the injuries plaintiff's daughter was between thirteen and fourteen years of age, and was accustomed to perform services in doing housework. Defendant's counsel asked the court to charge the jury that if plaintiff failed to prove the value of the time lost or facts on which an estimate of such value could be founded, only nominal damages for that item could be given. This request was refused, and the court charged that if the jury found plaintiff was entitled to recover, he was entitled to recover not only for loss of service, the result of the injury, up to the time of trial, but also for prospective loss during the child's minority, and also for expenses actually and necessarily incurred, or which would be immediately necessary in consequence of the injury in the care and cure of the child. *Held,* no error.

(Argued October 29, 1891; decided December 1, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 10, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for the loss of service of the plaintiff's minor daughter resulting from a personal injury to her by the falling. upon her of plaster from the ceiling of the hallway of a tenement-house fronting on East One Hundred and Fourth street in the city of New York, and for the expense of medical attendance on account of such injury. The defendant was the owner of the building and the occupants were his tenants. The plaintiff, with his family, occupied apartments on the top floor, and below that were two floors, also occupied by families, and the next below, the ground floor, was used as a drug store. The hallway on the ground floor was common to all the occupants of the three floors above it, and was their only means of access to their apartments from the street and of passage into it from them. On August 26, 1884, when passing along in this hallway plaintiff's daughter was struck on the head by plaster falling from the ceiling, eleven feet in height, and in that manner received the injury by which the alleged disability was produced.

Further facts are stated in the opinion.

*Jacob F. Miller* for appellant. The obligation of a landlord to repair demised premises rests solely upon express contract, and a covenant to repair will not be implied, nor will an express covenant be enlarged by construction. There are no implied covenants in a lease, except as to quiet enjoyment, which " has reference to the title and not to the quality or condition of the property." (*Witty* v. *Matthews*, 52 N. Y. 512; *Mumford* v. *Brown*, 6 Cow. 475; *Arden* v. *Pullen*, 10 M. & W. 321; Taylor's Landl. & Ten. [7th ed.] 327; *Ahern* v. *Steele*, 115 N. Y. 209, 220; *Franklin* v. *Brown*, 118 id. 115; *Clancy* v. *Byrne*, 56 id. 129; *Jaffe* v. *Harteau*, Id. 398; *Swords* v. *Edgar*, 59 id. 28, 33; Taylor's Landl. &

Ten. [2d ed.] §§ 327–329 ; *Cleves* v. *Willoughby*, 7 Hill, 83 ;
*Lockwood* v. *Horgan*, 58 id. 635 ; *O'Brien* v. *Capwell*, 59
Barb. 497, 504 ; *Lafflin* v. *B. & S. W. R. R. Co.*, 106 N. Y.
141 ; *Mayo* v. *Moller*, 1 Hill, 491 ; *Post* v. *Vetter*, 2 E. D.
Smith, 248 ; *Wallace* v. *Lent*, 1 Daly, 481 ; *Noyer* v. *Miller*,
19 J. & S. 516 ; *Kabus* v. *Frost*, 50 id. 72.)  Even where the
landlord has covenanted to keep the premises in tenantable
repair it is the duty of the tenant to notify him of the want
of repairs, showing that the landlord, even in that case owes
no active duty to the tenant to discover defects which render
the premises untenantable.  Much less does he owe the tenant
such a duty in the absence of any covenant at all upon the
subject. (McAdam on Landl. & Ten. 451 ; *Wolcott* v. *Sulli-
van*, 6 Paige, 117.)  If the interest which the plaintiff had in
the hallway was that of a licensee, he took the premises as they
were and cannot hold the defendant liable for damages result-
ing from their alleged defective condition.  (Washb. on Real
Prop. [5th ed.] 577 ; *Carstaus* v. *Taylor*, L. R. [6 Exch.] 217 ;
*Anderson* v. *Oppenheimer*, L. R. [5 Q. B. Div.] 602 ; *Hum-
phrey* v. *Wait*, 22 U. C. C. P. 580 ; *Purcell* v. *English*, 86
Ind. 34 ; *Ivay* v. *Hedges*, L. R. [9 Q. B. Div.] 80 ; *Burchell*
v. *Hickisson*, 50 L. J. Q. B. 101 ; *Cusick* v. *Adams*, 23 N.
Y. S. R. 548 ; *Reardon* v. *Thompson*, 21 N. E. Rep. 369 ;
*Ahern* v. *Steele*, 118 N. Y. 209 ; *Donner* v. *Ogilvie*, 49 Hun,
229 ; *Gaffney* v. *Brown*, 150 Mass. 481 ; *Wilkinson* v. *Faurie*,
9 Jur. [N. S.] 280 ; 1 H. & C. 633.)  Even if Hoyt promised
to have the ceiling mended that would not bind the defendant,
for he was not authorized to make such a promise. (*Marsh*
v. *Chickering*, 101 N. Y. 396.)  The defendant was guilty of
no negligence toward the plaintiff or his daughter. (*Odell* v.
*Solomon*, 99 N. Y. 637 ; *Wolf* v. *Kilpatrick*, 101 id. 152.)  If
the defendant was guilty of negligence, then the plaintiff and
his daughter were also. (*Cahill* v. *Hilton*, 106 N. Y. 518 ;
*Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 id. 316.)  The
landlord is not liable in the absence of a statute enjoining the
duty to keep the ceilings safe. (*Willy* v. *Mulledy*, 78 N. Y.
311 ; Laws of 1882, chap. 410, § 6 ; *Henckel* v. *Sheen*, 31

Hun, 29.) Even if Hoyt promised and had power by promise to bind defendant, that did not relieve the plaintiff or his daughter from the duty to exercise care and keep out of the way of danger. (*Marsh* v. *Chickering*, 101 N. Y. 396; *Morrison* v. *E. R. Co.*, 56 id. 302; *Hunter* v. *C. & S. V. R. R. Co.*, 112 id. 377; 126 id. 22; *Kelly* v. *M. R. Co.*, 112 id. 451; *Martin* v. *Pettit*, 117 id. 123; *Hickey* v. *Taafe*, 105 id. 26; *Bond* v. *Smith*, 113 id. 378; Laws of 1860, chap. 345.) The court erred in charging that the defendant is liable for injuries caused by the unsafe condition of the premises. (*Losee* v. *Buchanan*, 51 N. Y. 476; *Losee* v. *Clute*, Id. 494; *Tallman* v. *Murphy*, 110 id. 350; *Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 id. 317; *Tunlin* v. *S. O. Co.*, 126 id. 524.) When premises are let, to which access can only be had over other property of the landlord, a way to the demised premises is implied. Hence the right to use the hallway passed to the plaintiff as tenant under the lease. (Willard on Real Estate, 194; *Holmes* v. *Seeley*, 19 Wend. 507; *N. Y. L. I. & T. Co.* v. *Milner*, 1 Barb. Ch. 353.) The rule of damages as laid down by the court was erroneous. (*Staale* v. *G. S. & N. R. R. R. Co.*, 107 N. Y. 625.)

*Clifford A. H. Bartlett* for respondent. The action is maintainable. (*Henkel* v. *Murr*, 31 Hun, 28; *Donohue* v. *Kendall*, 18 J. & S. 388; *Bold* v. *O'Brien*, 12 Daly, 163; *Spellman* v. *Bannigan*, 36 Hun, 176.)

Bradley, J. The alleged cause of action for loss of service and medical expenses was in the consequences of the injury to the plaintiff's daughter; and the liability of the defendant was dependent upon the fact that the injury was solely attributable to his negligent failure to perform a duty assumed by him in his relation of landlord to the plaintiff as his tenant. If the hallway had been part of the premises demised to the plaintiff, there would have been no liability of the defendant to him. But the argument of the defendant's counsel, founded upon the proposition that such was the relation of the parties

to that portion of the building, does not seem to be applicable to the present case. It was a four-floor tenement-house. The apartments on the second, third and fourth floors were separately rented for use by families as dwelling places. The plaintiff had rented and, with his family, occupied the fourth or top floor, other families occupied the second and third, and on the ground floor was a drug store, and a hallway common to the occupants of the floors above. It was the means provided for their passage-way for ingress and egress into and from the building in going to and from the apartments from and into the street. It was essentially provided for that purpose, and necessarily common to the use of such occupants. Their right of passage through it was necessary to the availability for occupancy of the apartments rented by them. It was provided for their use in passing to and from the apartments demised to them, of which it constituted no part. It was, therefore, subject to their right of passage in it, under the control of the defendant, who was the owner and their landlord. And upon him was the duty of exercising reasonable care in keeping the hallway in suitable repair and condition for the use in safety by his tenants of apartments on the floors above it. (*Donohue* v. *Kendall,* 18 J. & S. 386; 98 N. Y. 635; *Palmer* v. *Dearing,* 93 id. 7; *Looney* v. *McLean,* 129 Mass. 33; *Lindsay* v. *Leighton,* 150 id. 285; *Peil* v. *Reinhart,* 127 N. Y. 381.)

The evidence permitted the conclusion of negligence of the defendant. For some time prior to the injury, water had been leaking through the plastered ceiling at the place from which the plaster fell and struck the girl. And the plaintiff, his wife and the daughter, testified that they had called the attention, to the condition of the ceiling at that place, of Mr. Hoyt, who collected the rents for the defendant and to whom the plaintiff was referred by the defendant when he sought to rent apartments in the building, and who also gave attention to the repairs made on it, and that Hoyt's attention was also called to the danger that the plastering would fall from the place so affected, and he said it would be repaired. Although

there was some controversy about the relation of Hoyt to the defendant in respect to the business about the building, the conclusion was warranted that his knowledge of this condition of this ceiling, as between the plaintiff and the defendant, was such as to charge the latter with notice of it and with negligence for omission to repair it prior to the time of the injury, and it was a fair question for the jury whether the yielding and falling of the plaster was reasonably to be apprehended from the fact that water was leaking through and dropping from it as it did. The question of the defendant's negligence was properly submitted to the jury. The fact that the plaintiff and his daughter had been advised of the condition and may have apprehended that the plaster might fall from that place in the ceiling, did not necessarily charge them or the daughter with contributory negligence in passing under it at the time in question. While the duty was imposed upon her of using due care to avoid danger, it cannot, as matter of law, be said that she failed in that respect by not constantly having in mind the condition of the ceiling when passing through the hallway. This was her only passage-way into the street and from it in going to the apartment in which she dwelt. She had been out and was returning when the accident occurred. The impaired condition of the ceiling was not in the line of her vision as she proceeded through the hall, but to see it she would be required to look upward rather than forward. And as was said in *Palmer* v. *Dearing* (93 N. Y. 11): "It would be an extremely harsh rule which should require" her "who was called so often to pass this place to have kept her mind invariably fixed upon its character and to make her responsible for an omission to exercise incessant vigilance in passing" it. The girl was not necessarily chargeable with negligence for having for the time being forgotten the condition of the ceiling or for having her thoughts or attention diverted from it at the time of the occurrence. ( *Weed* v. *Ballston Spa*, 76 N. Y. 329; *Bassett* v. *Fish*, 75 id. 303, 307.)

On this review all questions of fact arising upon a conflict of evidence must be deemed disposed of by the verdict; and

in its support the plaintiff is entitled to the benefit of the inferences legitimately derivable from the evidence.

There was no error in the charge or refusal of the court to charge on the subject of damages for loss of service. It appeared that the daughter, who was then between thirteen and fourteen years of age, was accustomed to perform services in doing house-work. This question was for the jury, and the recovery of damages for loss of service is not in such cases limited to those sustained prior to the trial, but when the evidence justifies the conclusion that they will continue thereafter, prospective damages may be awarded. (*Drew* v. *Sixth Av. R. R. Co.*, 26 N. Y. 49; *Cuming* v. *Brooklyn City R. R. Co.*, 109 id. 95.)

The case was fairly submitted to the jury, and there was no error in any of the rulings to which exception was taken.

The judgment should be affirmed.

All concur.

Judgment affirmed.