(21 Misc. Rep. 513.)

## SCHWARTZ v. APPLE.

(City Court of New York, General Term. October 26. 1897.)

1. LIABILITY OF LANDLORD—DEFECTS IN CEILING.

The principles regulating the duty and liability of landlords in respect to the safe condition of the common hallways of an apartment or tenement house are inapplicable to the case of walls and ceilings within those portions of the building which are leased to, and under the exclusive control of, the tenants.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Even if, on the facts of a given case, a landlord might otherwise be liable for injuries resulting from his failure to repair a ceiling after learning from the tenant of its dangerous condition, yet the fact that the tenant continues to use the room would constitute contributory negligence.

Appeal from trial term.

Action by Hannah Schwartz against William H. Apple. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FITZSIMONS, CONLAN, and SCHUCHMAN, JJ.

Nadal, Smyth, Carrere & Trafford, for appellant.
E. Rosenthal (Roger Foster, of counsel), for respondent.

CONLAN, J. This is an appeal from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial. In this case the plaintiff sued for damages caused by the fall of a ceiling in a tenement house owned by the defendant, in a sleeping apartment occupied by her with her family. The complaint sets up a cause of action in both contract and tort, alleging that the fall of the ceiling was a breach of covenant made to her by the defendant, and that the accident was due to his negligence. The facts sufficiently appear in the opinion. Our attention is particularly called by the respondent to the case of Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104; but there was an element in that case which is not found in the case at bar. In the case cited, recovery seems to have been based upon the fact that the accident was occasioned by the falling of a ceiling in one of the public halls of the building, which was in common use as an avenue of approach to and departure from the several apartments. Here there was an implied covenant on the part of the landlord to repair the halls under his immediate charge and entirely within his control, no portion there-

of being the subject of lease to any of the occupants of the building; and the liability of the landlord for the accident, under the circumstances, was complete, and he could not escape the consequences. As was said in the course of the opinion delivered, "This was the only passageway into the street, and from it, in going to the apartment in which she dwelt." And as was said in Palmer v. Dearing, 93 N. Y. 11, it would be an extremely harsh rule which should require her, who was called so often to pass this place, to have kept her mind invariably fixed upon its character, and to make her responsible for an omission to exercise incessant vigilance in passing it. But with the case at bar the situation is somewhat different. Here we have apartments under the exclusive control of the tenant, and with no covenant on the part of the landlord, express or implied, other than what might be inferred from the existence of the defect, which it is claimed was communicated to the agent, and which he is said to have declared was not an element of danger. We are not unmindful of the rule of law that knowledge of the agent is knowledge of the principal. The plaintiff's situation is, however,—and even in the light of the rule which may be said to be applicable to cases of this kind,—in many respects, peculiar. She alleges that she was in constant fear of the ceiling coming down, and it seems that this fear had taken possession of her mind, so that, as she expresses it in so many words, she was afraid to go to bed at night; having in mind the consequences of the fall of the ceiling, which was directly over the place where she slept. She undertakes to relieve herself of the consequences, and from liability, by saying that she told the agent, and he replied that there was no danger, and it would be fixed. She does not in any way appear to have avoided the danger or its consequences, by changing her sleeping place to some other portion of her apartments; but, in the very face of what she apprehended was a very threatening source of danger to herself, she proceeds in the occupancy of this same sleeping apartment, and must be said, even in the face of the declaration of the agent that there was no danger, and it would be fixed, to have herself invited the consequences. The words of the agent do not appear to have been assuring to her, to the extent of removing the fear from her mind, or to have impressed her with any confidence in their truth, when uttered. It is as though she said, "I know the agent says there is no danger, but I am still afraid;" and, if that were her condition of mind, then she was not free from fault in her continued occupancy of the bed in the position in which it was placed. She even declined to pay the rent, in the following language, after the agent's declaration of safety: "Mr. Falk, you shall know I cannot give you any rent, as I think the floor falls." In her own plain words, that are full of meaning, she thus explains the whole situation. Fear of danger to herself was so great that she withheld the rent, even after the agent had undertaken to insure her of her safety. How, therefore, can she be said to have relied upon his statements that there was no danger? It seems quite clear that the reasoning in the case of Dollard v. Roberts does not apply here. The view here presented of that case appears to

find favor in the case of Peil v. Reinhart, 127 N. Y. 381, 27 N. E. 1077, where the complaint was for a defective stairway, and the court said:

"It could not be properly held, as matter of law, that the plaintiff was guilty of contributory negligence, and therefore the motion for a nonsuit was properly denied. * * * The question presented would have been quite different if the staircase had been part of the premises demised to the plaintiff."

But the case is made clear against the plaintiff's right to recover when we consider the reasoning in the following cases, which we think are authorities in line with our views of the case of Dollard v. Roberts, supra:

In Loring v. Clark, 2 City Ct. R. 252, note, Mr. Justice McAdam, in deciding for the landlord, uses the following language:

"The facts which charge negligence upon the landlord generally impute knowledge of the danger to the tenant in the actual use of the premises, who in consequence becomes chargeable with negligence after remaining in a place of known danger, where his plain duty is to avoid it."

And the late Mr. Justice Sedgwick, in his opinion in the case of Kabus v. Frost, 50 N. Y. Super. Ct. 72, says of the general rules that pertain to a right for damages from the negligence of another:

"It is apparent that the plaintiff knew whatever there was of threatened danger in the state of the ceiling, and voluntarily incurred the risk."

Entertaining the views above expressed we do not think it necessary to discuss any of the other questions presented by the record, and are of the opinion that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.