GREENBERG v. MAN et al.

(Supreme Court, Appellate Term. November 12, 1909.)

1. LANDLORD AND TENANT (§ 162*)—INJURY FROM DANGEROUS CONDITION OF PREMISES—LIABILITY OF LANDLORD.

The rule that where a portion of a building is let, and the tenant has rights of passageway over staircases and entrances in common with the landlord and the other tenants, there is no such leasing as will exonerate the landlord from all responsibility for the safe condition of that portion of which he still retains control, and which he is bound to keep in repair, applies to a building let out in lofts for factory purposes, except, perhaps, in the degree of care required to constitute reasonable care.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 629; Dec. Dig. § 162.*]

2. LANDLORD AND TENANT (§ 162*)—INJURIES FROM DANGEROUS CONDITION OF PREMISES—LIABILITY OF LANDLORD.

A landlord is not required to police the hallways of premises to prevent obstructions by tenants or other persons, or to prevent negligent or malicious persons not in his control from putting the premises in an unsafe condition; but if he knows, or should have known, of such obstructions or unsafe condition, he must use diligence to prevent a possible injury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 629; Dec. Dig. § 162.*]

3. LANDLORD AND TENANT (§ 169*)—INJURIES FROM DANGEROUS CONDITION OF PREMISES—ACTIONS—QUESTION OF FACT.

In an action against a landlord for injuries to a tenant's employé from falling downstairs because of boards placed lengthwise thereon, where there was no evidence as to the nature of the premises, whether a small building rented out in separate floors, where the owner had no duty, except to keep the halls in proper repair and safe condition, or a large office building, with a janitor, proof that the dangerous condition had existed for six hours before the injury would not present a question of fact as to whether the landlord did not discover the condition, and whether the failure to discover it was not in itself negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 646; Dec. Dig. § 169.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Harris Greenberg against Frederick H. Man, impleaded, etc. From a judgment for plaintiff, and an order denying a new trial, defendant Man appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Henry H. Man, for appellant.

William Donahue (William McArthur, of counsel), for respondent.

LEHMAN, J. The plaintiff, a journeyman tailor, was injured by falling over some planks laid lengthwise on a staircase on the premises of the defendant appellant. He was at that time in the employ of a tenant of the defendant, and was then leaving his place of employment to go home. The accident occurred after 6 o'clock on a winter evening, and the staircase was quite dark. There is no evidence in the case that would tend to show who placed the planks in that position, nor who owned them, or brought them into the building. There is no evidence as to the length of time that they had been there, except that the plaintiff did not see them in the morning, and a fellow workman did see some planks there when he went upstairs after lunch. There is no evidence to show that the defendant knew anything about these planks, or that he had control of the staircase; but he has admitted in his answer that, as executor and trustee under the will of William J. A. Fuller, deceased, "he was in possession of the premises * * * mentioned in the complaint, subject to the rights of the various tenants to whom portions of the said premises were let," but denies that "he ever had any ownership of said premises, or control or charge thereof, other than as aforesaid."

It seems to me that this admission is sufficient to charge him with the duty of exercising reasonable care in keeping the stairs and hallways in suitable repair and safety for the use of his tenants and employés. "Where a portion of a building is let, and the tenant has rights of passageway over staircases and entrances in common with the landlord and the other tenants, there is no such leasing as will exonerate the landlord from all responsibility for the safe condition of that portion of which he still retains control, and which he is bound to keep in repair." Looney v. McLean, 129 Mass. 33, 35, 37 Am. Rep. 295. This case has been cited with approval in Dollard v. Roberts, 130 N. Y. 269, 273, 29 N. E. 104, 14 L. R. A. 238, and Peil v. Reinhart, 127 N. Y. 381, 385, 27 N. E. 1077, 12 L. R. A. 843; but all the cases in which such a doctrine has been held apparently deal with tenement or apartment houses. Nevertheless, I can see no logical distinction between an apartment house and a building let out in lofts for factory purposes, except, perhaps, in the degree of care required to constitute reasonable care.

A landlord is not required to police the hallways, to prevent obstructions by tenants or other persons, or to prevent negligent or malicious persons, not in his service or control, from putting the premises in an unsafe condition. If he knows of such obstructions or unsafe condition, he is bound to use diligence to prevent a possible injury; and,

if he should reasonably have known of them, then he is negligent in failing to learn of their existence. This appears to me to be the full measure of his duty. If the premises are an apartment house, or a large office building, requiring the services of a janitor, proof that a condition existed for six hours before the accident might conceivably present a question of fact, both as to whether the owner or his servant did not discover the condition, and whether a failure to discover it was not in itself negligence. In this case, however, there is no evidence as to the nature of the premises, nor as to whether a janitor was employed there. If this was a small building, rented out in separate floors, and the owner had no duty there except to keep the halls in proper repair and safe condition, he was certainly not bound to keep a man to inspect its condition from day to day. To hold the defendant for negligence, there must be some proof that he has either failed to perform a duty resting upon him, or has done something which he had no right to do. There is no proof of either in this case, and I think that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.