Abraham N. G-ellbr, J.
This is a personal injury action tried without a jury.
Plaintiff’s material allegations as to liability, denied by defendant, are that on July 5, 1959 she was a week-end guest of her son-in-law, George Pugh, in a Summer cottage rented furnished from the defendant under an oral lease; that on that day, while about to descend the single step leading from the dining room into the kitchen, she tripped on the defective aluminum strip running along the edge of the step and suffered the injuries complained of; that the defendant exercised control over the cottage, including the step, and that, since the defective condition of the step was due to his negligence and without her contributory negligence, he is therefore liable.
The principal issues are (1) whether defendant had control of the cottage, including the step, and (2) whether the step was in a defective condition due to defendant’s negligence.
Although the law in this State was at one time that control ‘ ‘ implies the power and the right to admit people to the premises and to exclude people from them ” (Cullings v. Goetz, 256 N. Y. 287, 290), it is now clear that something less than such a showing is sufficient to establish the requisite control by the lessor to hold him liable in tort (De Clara v. Barber S. S. Lines, 309 N. Y. 620; Antonsen v. Bay Ridge Sav. Bank, 292 N. Y. 143). A question of fact on the issue of control is created by a showdng that the lessor promised to make repairs and reserved the right to enter the premises for that purpose and that he in fact had entered during the tenancy to make repairs (Miller v. Morse, 9 A D 2d 188).
Applying these principles to the facts in this case, the court finds that the requisite control was retained by the defendant. Defendant indicated to the witness George Pugh, plaintiff’s son-in-law, who negotiated the rental, that he would be glad to repair anything in the cottage that needed it. Moreover, on the first occasion when Mr. Pugh examined the cottage, which was about two weeks before the accident occurred, defendant promised that he would repair the refrigerator and the kitchen sink, *972 install a shower, and repair the defective aluminum strip on the step in question. Defendant made some of these repairs prior to the tenant’s moving in on July 3, 1959. After that date the defendant retained a key to the cottage and made additional repairs, including that of replacing, on the same day directly after the accident, the aluminum strip with one he already had available in the basement of the cottage. Although defendant’s subsequent repair of the strip has no bearing on the issue of negligence (Corcoran v. Village of Peekskill, 108 N. Y. 151), it does permit the inference, which the court now draws, that the defendant retained a degree of control over the furnished Summer cottage, which was very close to the cottage occupied by the defendant. (Scudero v. Campbell, 288 N. Y. 328; Antonsen v. Bay Ridge Sav. Bank, 292 N. Y. 143, supra.)
With respect to the second principle issue herein, namely, whether the aluminum strip was in a defective condition due to defendant’s negligence, the testimony establishes that plaintiff was a guest of the tenant, George Pugh, and, as such, defendant owed her the same duty as he owed the tenant. (Bowers v. City Bank Farmers Trust Co., 282 N. Y. 442; Schabel v. Onseyga Realty Co., 233 App. Div. 208; Hicks v. Smith, 158 App. Div. 299.) That duty was to maintain the premises in a reasonably safe condition. (Bowers v. City Bank Farmers Trust Co., supra, p. 445.)
On the basis of the credible evidence the court finds that the defendant breached his afore-mentioned duty to plaintiff by permitting the aluminum strip to remain in a defective condition.
The court finds further that plaintiff was caused to fall and suffer injuries as a direct result of the defendant’s aforesaid negligence and without any contributory negligence on her part. The fact plaintiff also knew of the condition of the strip prior to the occurrence of the accident does not establish negligence on her part as a matter of law, for that question is one of fact which must be determined in light of the obligation of plaintiff as the possessor of pre-existing knowledge of the defect to exercise a greater degree of care. (Palmer v. Bearing, 93 N. Y. 7; Kaplan v. 48th Ave. Corp., 267 App. Div. 272; Kresch v. Estelle, 262 App. Div. 775.) And this question of fact is resolved in favor of plaintiff in view of all the circumstances in the case. More particularly, the doorway in question was the only means of passage between the dining room and kitchen, and plaintiff was not required to keep the defect constantly in mind in the course of her routine activities around the house. (Romano v. Home Owners’ Loan Corp., 263 App. Div. 743.)
*973 As a result of the accident, plaintiff, a woman of 58 years, sustained a simple fracture through the tip of the left lateral malleolus. The fracture was set directly after the occurrence and a half-leg cast applied and remained until its removal on August 22, 1959. She returned to her son-in-law’s cottage from the hospital the same day of the accident and remained there the balance of the Summer while recuperating. Her disability ran the usual course — use of crutches, later a cane, and some limited residual pain in inclement weather.
Plaintiff, who is a hotel chambermaid, claims to have lost 27 weeks of wages (of approximately $51 a week gross) between July 6, 1959 and January 11, 1960, less payment for vacation period. Whether plaintiff could go back to work before January 11, 1960 is problematical. In any event, it appears that the period of incapacity was principally one of discomfort and inconvenience and little pain.
The hospital bill was $44 and no proof of medical expenses was established for the six or seven visits she claims to have made to a doctor during the period of recuperation.
I find that plaintiff is entitled to damages in the amount of $4,000, which includes loss of wages less vacation pay, the hospital bill, and pain and suffering. Both parties waive findings of fact and conclusions of law.