Arthur Wachtel, J.
Plaintiff sues for personal injuries sustained January 31,1956, while he was descending a stairway leading to the basement in store premises.
The store premises were leased hy the defendants. Jack Nydick and Sam Neiditeh (hereinafter called the landlords), to Bernhard Hans, and he, in turn, sublet a portion of the store premises, including the use of a portion of the basement, to the plaintiff, Abraham Karen, who occupied the said premises for the purposes of a grocery business. Hans also sublet another portion of the store premises for the purposes of a fruit business. Hans, himself, occupied a third portion for a butcher business.
The premises occupied hy the plaintiff were leased to him by Hans in September, 1955. He contended that since the time of the lease and up to the time of the accident the stairway consisted of steps constructed of old wood, not straight, and that at the time of the accident the second step upon which he fell “ wobbled ” in that it had not been properly nailed to its support. Plaintiff contended that he gave notice orally to Hans from time to time since the inception of the lease with respect to the condition of the stairway.
*895 Plaintiff sued both Hans and the landlords and alleged in his complaint that the defendants “jointly and/or severally” negligently permitted the stairway leading from the main floor to the basement to become out of repair and in a dangerous condition and permitted the steps to become broken and loose.
The landlords contend that they were out of possession at the time of the accident and in addition to denials of the allegations of the complaint, bring a cross complaint against Hans on the theory that the accident was caused by the ‘ ‘ active and affirmative ” negligence of the defendant, Hans.
Hans, in addition to a general denial, relies upon a cross complaint against the landlords on the ground that the accident resulted from their active negligence in allegedly failing to repair after notice.
The jury found in favor of plaintiff and against defendant Hans in the sum of $3,000; and in favor of defendant landlords. The court reserved decision on Hans’ motion to dismiss the complaint and set aside the verdict, and for judgment upon his cross complaint against defendant landlords.
The landlords contended on the trial that under their lease with Hans they had no obligation to repair the premises except to make repairs to the roof and structural repairs and in those respects their responsibility only came into existence if the tenants notified them by certified or registered mail of the necessity for such repairs, and if after a reasonable time they failed to make such repairs. They contend that Hans did not notify them by registered mail or certified mail, nor did the plaintiff.
There was no proof of actual notice to the landlords. The question arises whether or not the lease provisions would limit their liability only to such actual notice as provided by the lease. The requirement of such notice may be relevant in respect of the cross complaint of Hans against the landlords; it has no relevance in respect of plaintiff’s claim against them. (See Hirsch v. Radt, 228 N. Y. 100, 105; De Clara v. Barber S. S. Lines, 309 N. Y. 620, 630.)
In any event, the initial question to be decided as to the landlords out of possession is whether they had such control over the premises as to make them chargeable for any negligent condition of the stairway.
The court in its charge to the jury followed the law as set forth in De Clara v. Barber (supra). In that case the court specifically ruled that a mere covenant on the part of a landlord out of possession to repair any part of the premises is not sufficient to determine whether or not the landlord had control. The distinction was made between ‘‘ a covenant merely to repair and *896 one to maintain in safe condition with supervision adequate to the end to be achieved.”
Where the landlord out of possession, in addition to a promise to repair at the tenant’s request, retains “ the essential control of leased property by reserving to himself the right, to be exercised in his independent discretion — as distinguished from 1 a promise * * * to act at the [tenant’s] request ’ (256 N. Y., at p. 291) — to enter the premises at any and all times and make repairs upon his own responsibility” (De Clara v. Barber, supra, pp. 628, 629), there may be sufficient evidence of control as to hold the owner out of possession. The question as to whether in the case at bar the landlords out of possession reserved to themselves such control as to warrant holding them responsible for the condition of the stairway was submitted to the jury, and was considered by the jury in the light of the evidence not only of the provisions of the lease but also of the acts of the parties which would be relevant in determining the intention of the parties with respect to such control or lack of control.
Implicit in the verdict in favor of the landlords out of possession, was its finding that the plaintiff had failed to sustain his burden of proof in respect of the issue as to whether said defendant landlords had retained such control as to warrant holding them liable. This finding is supported by the credible evidence and should not be disturbed.
Inasmuch as the landlords out of possession were in fact found by the jury to be not chargeable with negligence at all, the cross complaint of Hans against the defendant landlords necessarily fails and must be dismissed. It could be sustained only upon the theory that both Hans and the defendant landlords were tort feasors and that Hans was only the passive tort feasor and the landlords out of possession were the active tort feasors.
Defendant Hans also contends that the verdict against him is improper on the ground that the plaintiff was guilty of contributory negligence as a matter of law. He relies upon the rule recited in Conroy v. Saratoga Springs Auth. (259 App. Div. 365, affd. 284 N. Y. 723) that: “ Where one voluntarily subjects himself to a peril known to him or generally observable by a person of ordinary prudence in his situation he cannot recover damages sustained thereby ” (p. 368). But this rule applies where the plaintiff at the time of the accident has present existing knowledge, actual or implied, of the danger threatening him. (1 Warren, New York Law of Negligence, p. 129, et seq., and cases there cited). Where the knowledge of the danger does not exist at the time of the accident — where the knowledge pre *897 exists the accident, then it becomes a question of fact for the jury whether the plaintiff exercised the degree of care required under the circumstances.
As the Court of Appeals said in Palmer v. Dearing (93 N. Y. 7, 10-11): “ The jury might upon the evidence in this case, have reasonably concluded that the plaintiff was not guilty of negligence in passing nnconsciously over this dangerous stair, which she was called upon to use so frequently while in the discharge of her domestic duties and at a time when her attention might properly have been diverted by natural and unavoidable causes. It would be an extremely harsh rule which should require the plaintiff who was called upon so often to pass this place, to have kept her mind invariably fixed upon its character and to make her responsible for an omission to exercise incessant vigilance in passing over it.” The court pointed out that in the Palmer case the plaintiff was impeded by a cloak folded around her person. In the case at bar plaintiff was carrying a box of empty bottles down the stairway at the time of the accident.
The rule applied by the Court of Appeals in the Palmer case is as follows: “ While previous knowledge by a party injured of a dangerous situation, or impending danger, from which a person of ordinary intelligence and prudence might reasonably apprehend injury, generally imposes upon him the duty of exercising greater care and caution in approaching it, yet the degree of care which should be required of such a person has uniformly been held in this case to be a question of fact to be determined by the jury” (p. 10).
This rule has been followed in Peil v. Reinhart (127 N. Y. 381); Dollard v. Roberts (130 N. Y. 269, 274); Conway v. Naylor (222 N. Y. 437); and see Eckert v. Reichardt (243 N. Y. 72); Frank v. Simon (109 App. Div. 38, 42); and Kenney v. Rhinelander (28 App. Div. 246, affd. 163 N. Y. 576).
The jury thus was justified in finding that plaintiff did not have the defective condition of the stairway in mind at the time he descended it and did not deliberately expose himself to known danger.
The reasonable inference to be drawn from the proof is that in order to go to the basement to use his allotted space, plaintiff had “no other appropriate” or “reasonable way” (Quigley v. Thatcher, 207 N. Y. 66, 67, 69) than by way of the stairway in question (Kaplan v. 48th Ave. Corp., 267 App. Div. 272-274); indeed this was the only means of access (Conway v. Sciano, 27 Misc 2d 970) and accordingly the issue of contributory negligence was a question of fact for the jury.
*898 Defendant also contends that the verdict was excessive. No standard rule is available by which pain can be accurately measured in terms of its monetary equivalent. (Dowly v. State of New York, 190 Misc. 16; Robison v. Lockridge, 230 App. Div. 389). An award by the jury should not be disturbed in the absence of proof that it has disregarded the law or was influenced by passion, prejudice, bias or other improper motives. (Masterson v. City of Mechanicville, 274 App. Div. 736, affd. 300 N. Y. 574). Accordingly, the motions are denied.