# APRIL TERM, 1914.

## NUTTER v. COLYER.

1. TRIAL—WITNESSES—ABSENCE OF PARTY.
   The action of the trial judge, in charging the jury that defendant's absence from the State during a personal injury case was of no consequence, cured any prejudice that may have resulted from questions referring thereto asked by plaintiff's attorney.

2. SAME—LEADING QUESTIONS—APPEAL AND ERROR.
   Where defendant's counsel took several objections to interrogatories of the opposing attorney, which were not ruled upon by the court, any intention to propound improper questions being disclaimed and counsel offering to frame new questions if the ones asked were objectionable, no prejudice warranting a reversal was made to appear.

3. LANDLORD AND TENANT—CONTRIBUTORY NEGLIGENCE—DEFECT IN PREMISES—PROMISE TO REPAIR.
   A tenant, who relied on the statement of defendant's agent that the floor of the kitchen was safe, was not guilty of contributory negligence, as matter of law, in making use of it, although she had called his attention to its weakness, and he had promised to make the repair, assuring her at the same time that the floor was not dangerously weak.[1]

Error to Wayne; Tucker, J., presiding. Submitted June 9, 1913. (Docket No. 48.) Decided April 7, 1914.

[1] On the question of the contributory negligence of tenant injured by defect in premises, see notes in 34 L. R. A. 830 and 34 L. R. A. (N. S.) 808.

Case by Georgia A. Nutter against Susan G. Colyer for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*James H. Pound,* for appellant.

*Bumps & Bishop,* for appellee.

McALVAY, C. J. Plaintiff recovered a judgment in a suit for damages against defendant for injury caused to her leg by the breaking of the floor of the kitchen in the house rented by her from defendant, its owner, claiming that such injury was caused by the negligence of defendant.

There is no dispute but that defendant was the owner of this house; that her husband was her agent and rented the premises in September, 1908, to plaintiff, by the month, for a certain rental; that she resided in the house for nearly two years before the injury occurred, keeping from two to four boarders and eight or nine roomers, and claims that on June 16, 1910, the kitchen floor in front of the stove broke through by her stepping thereon, and one of her legs went through to the knee joint, causing her severe injury, and to extricate her it was necessary to saw out pieces of the boards. Her claim is that defendant, by her husband, who acted as her agent in renting the premises, and who was a carpenter, agreed at the time the premises were rented to her to make all necessary repairs; that in September, 1909, she called his attention to the weakness of the boards in the kitchen floor, on account of the condition of which she was fearful they might break through with her, as she was a heavy person, and asked him to repair them; that he examined the floor and, testing it, said that it would last longer than she would; that he had some boards at his house and would attend to it for her; that she relied upon his statement that it was

safe and thought no more about the danger; that she continued to walk over the floor afterwards without fear.

There is a sharp dispute between plaintiff and defendant's husband, who acted as defendant's agent, upon the terms of the leasing, which was verbal. He testified that it was agreed when the premises were rented to plaintiff that she would do all required repairs except to the roof and water pipes and pay $25 a month for the house; that no other agreement was ever made between the parties, and that she never called his attention to the weakness of the kitchen floor and never had any talk with him in regard to it; that in August, 1910, she sent for him, saying that she had been injured, when he went back to the kitchen and saw a hole in the floor.

Defendant reviews this case by a writ of error. Of the many errors assigned it will be necessary to consider but few, the most important of which relate to the conduct of the examination of witnesses by plaintiff's attorney and the refusal of the court to pass upon objections of defendant's counsel during such examination, and the refusal of the court to give certain requests to charge, and to the charge of the court.

Errors are assigned upon the conduct of counsel for plaintiff during the examination by him of defendant's agent, who was called under the statute as a witness for plaintiff, and was examined at considerable length as to the absence of the defendant in California during the trial.

The record does not show objections made on that ground and exceptions taken at the time of the examination of the witness. The court, in his charge, told the jury that the absence of the defendant was a matter of no consequence in the case and was not to be considered by them. This corrected any improper impression the jury might have received from the testimony which was not properly in the case.

The record shows that during the trial of the case, while plaintiff was testifying on her direct examination, counsel for defendant objected several times and took exceptions to certain questions, claimed by him to be leading, upon which objections no rulings were made by the learned trial judge. Upon both of these matters errors have been assigned.

It appears that there were four occasions of this kind while this witness was on the stand. From the colloquies between court and counsel, it appears that during the trial it had been suggested by the court that both attorneys had been interrupting, and that the case was being tried with considerable spirit between counsel. Counsel for plaintiff disclaimed any intention to propound questions which were improper, and also that he had not heard the objections. He offered to reframe the questions if they were objectionable. It is not apparent to this court that these questions were prejudicial, and some of them were of a character which would admit the form of the question, and we cannot say that the allowance of any of them by the court was an abuse of a reasonable discretion. It is probable that the attitude of both counsel in the case by frequent interruptions and the nature of some of the questions objected to justified the court in not ruling on these objections. We find that in the record of 200 odd pages counsel for defendant makes no further complaint because the court did not pass upon his objections. We think that no prejudice to defendant arose by reason of this action of the court.

Defendant, in some of his requests to charge, in substance asked the court to instruct the jury that plaintiff could not recover in this case because of contributory negligence; she having used this floor for a long time after knowledge of its weakness.

It already appears that the terms of the contract

of renting were in dispute and a question of fact for the jury to determine. Also that plaintiff testified she relied upon an agreement to repair, and claimed that she called the attention of defendant's agent to this defect in the floor, which he specifically promised to repair, and told her the floor was safe, and that she relied upon what he said, and continued to use the floor. This court has held a tenant not guilty of contributory negligence under such circumstances. *Mason* v. *Howes*, 122 Mich. 329 (81 N. W. 111). The court submitted the question to the jury under a proper charge.

We have examined the other errors assigned, and do not find that they require discussion. Our conclusion is that the record does not disclose any reversible error.

The judgment of the circuit court is therefore affirmed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.