RACHEL BRENNER, Appellant, *v.* LANDSMANN COMPANY, Respondent.

First Department, January 18, 1918.

Negligence — injury caused by defective stairway — evidence — condition of step after accident — proof raising question of fact as to negligence of owner of building — contributory negligence for jury — notice of defective condition given to tenant.

Where a plaintiff, who fell down a stairway owing to the fact that her heel caught in a crack in one of the steps, sues the owner of the building, who had control of the hallways and stairways, to recover for personal injuries received, it was error for the court to refuse to allow the plaintiff to show the condition of the step by the testimony of her son who examined it shortly after the accident on the same night.

So too, it was error to dismiss the complaint where the plaintiff had given evidence to the effect that she received said injury when descending the stairway, which was unlighted, after a call upon a friend who was a tenant of an upper apartment used for residential purposes and that the defend-

ant retained control of the stairway and was under duty to make repairs and that three months before the accident the plaintiff, when making a similar call, observed the crack in the step and that the edge thereof was worn. Such testimony was sufficient to take the case to the jury on the question of the common-law liability of the defendant, there being no claim under the statute.

On such evidence it cannot be said that the plaintiff was guilty of contributory negligence as a matter of law and the jury would have been justified in finding that she exercised proper care.

As the defendant employed no janitor but made inspections of the building by its president, and the tenants were required to notify the defendant if repairs were needed, it was error to exclude evidence that the plaintiff drew the attention of the tenant upon whom she called to the condition of the step three months before the accident.

APPEAL by the plaintiff, Rachel Brenner, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 12th day of April, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Lawrence B. Cohen* of counsel [*Louis P. Brown* and *Jacob Shientag* with him on the brief], *Cohen Brothers*, attorneys, for the appellant.

*Reuben Dorfman*, for the respondent.

LAUGHLIN, J.:

This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. The defendant is a domestic corporation and owns the premises and three-story building known as No. 234 Broome street, borough of Manhattan, New York. The lower floor of the building was rented and occupied as a store and each of the other floors was rented to and occupied by a different tenant for residential purposes.

The president of the defendant testified that he had personal charge of the building; that no janitor was employed; that the building was taken care of to some extent by the defendant and it retained control of the hallways and stairways and it was its duty to make repairs, and it was the duty of the tenants to notify defendant if repairs were needed unless he noticed the necessity for the repairs himself. His

business was next door and he claims to have made frequent inspections of the premises himself. The tenants lighted and paid for lighting the hallways. There was a stairway leading from the ground floor to the next floor, referred to as the first floor, and this was used by both residential tenants and with respect to the first story afforded the only access to their apartments. One Mrs. Leis was the tenant of the first floor above the street. Shortly after six o'clock of the evening of the 6th day of February, 1916, the plaintiff called on Mrs. Leis, who was her friend, and remained about half an hour. On leaving, as she was descending the stairs, she testified, in substance, that she was holding onto the banister with her right hand and that there was a crack in the second step from the top in which her heel caught and that thereupon her hand slipped from the banister and she fell and broke her left arm; that she had called on Mrs. Leis three months before and then observed that the second step was worn at the edge and that the crack in which her heel subsequently hooked was then in it. The plaintiff did not give the dimensions of the crack in the step but she testified that the edge of the step was worn down and that there was a split or crack in it in which her heel caught and that the hall was not lighted. The plaintiff also offered to show the condition of the step by her son who examined it shortly after the accident the same night, but this was excluded by the court and an exception was taken to the ruling. We think the court erred both in excluding that evidence and in dismissing the complaint.

The testimony of the plaintiff was sufficient to take the case to the jury. The jury would have been justified in finding on the testimony of the plaintiff that the step had remained in the same condition for at least three months and that the defendant was, therefore, chargeable with constructive notice of its condition and failed to perform its duty to exercise reasonable care to maintain the steps in a safe condition.

Counsel for the defendant argues that this was not a tenement house within the statute for the reason that it did not contain three or more apartments. (See Tenement House Law [Consol. Laws, chap. 61; Laws of 1909, chap. 99], § 2,

subd. 1, as amd. by Laws of 1912, chap. 13.)* Liability, however, is not claimed under the statute but under the common law on the ground that the defendant merely rented the apartments, retaining control of the hallways and stairways and, therefore, owed a duty both to the tenants and to those having business with them or calling upon them of reasonable care to maintain the stairway in a suitable state of repair. (*Peters* v. *Kelly*, 129 App. Div. 290; *Dollard* v. *Roberts*, 130 N. Y. 269; *Peil* v. *Reinhart*, 127 id. 381; *Monteith* v. *Finkbeiner*, 50 N. Y. St. Repr. 453; *Henkel* v. *Murr*, 31 Hun, 30.) It cannot be said that the plaintiff was guilty of contributory negligence as matter of law and the jury would have been warranted in finding that she exercised proper care. (*Lee* v. *Ingraham*, 106 App. Div. 167.) The other evidence offered with respect to the condition of the step and excluded might have indicated that the condition had existed for a considerable period of time.

These views require a reversal, but we deem it proper to add that on the evidence in this record the landlord, in effect, constituted the tenants his janitors for the purpose of discovering when repairs to the stairway were necessary, and in that view the court also erroneously excluded evidence offered by the plaintiff to show that on the occasion three months before the accident she drew Mrs. Leis' attention to the condition of the step.

It follows that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.

---

* See, also, Laws of 1917, chap. 806.— [REP.