[Civ. No. 120.   Fourth Appellate District.—August 14, 1930.]

MARTHA E. FINCH, Respondent, v. JOHN W. WILL-
MOTT et al., Appellants.

Stearns, Luce & Forward and Albert J. Lee for Appellants.

E. L. Johnson for Respondent.

CARY, P. J.—Plaintiff brought action against the two defendants to recover damages for injuries she received from falling downstairs. From a judgment in her favor rendered by the court sitting without a jury, defendants appeal. The principal questions involved are the sufficiency of the evidence to sustain the findings, the applicability of the doctrine of *res ipsa loquitur* and whether the plaintiff was herself guilty of contributory negligence.

The two defendants were the owners of a two-story office and apartment building. On the ground floor were stores. On the second floor, reached by a single common stairway, were offices and housekeeping apartments. Plaintiff resided in one of these apartments and had lived there for approximately two and a half years before the accident. The defendants had owned the building about a year prior thereto. Plaintiff and her husband had agreed with the defendants to sweep this common hall and stairway once a week. For this they received five dollars a month credit on their rent. This stairway consisted of twenty steps and was covered with carpet. On the tread portion of each step a rubber matting seven inches wide and sixteen inches long had been tacked and according to plaintiff's theory the dilapidated condition of this matting was the proximate cause of the

accident. About 7:30 on the morning in question the plaintiff, a woman some fifty years of age, started down the stairway from her apartment, carrying a dishpan in which was some wet washing. Her purpose was to hang this washing out to dry and this stairway was her only means of descent. A few steps from the top she tripped and fell, sustaining the injuries for which she recovered judgment in the court below.

Appellants contend that the evidence fails to show the proximate cause of the fall, that the findings of the court that it was due to the defective and dilapidated condition of the rubber matting is pure conjecture, that from all the evidence the fall might be due just as much to a condition for which no liability attaches as otherwise, that the failure of plaintiff to show that some act or omission of defendants was the cause of the fall is fatal to plaintiff's recovery, that plaintiff's version of her fall and the manner in which she landed are entirely contrary to human experience and therefore unbelievable, that the doctrine of *res ipsa loquitur* has no application and that plaintiff's knowledge of the condition of the stairway and the fact that she attempted to descend while carrying the washing makes her guilty of contributory negligence as a matter of law.

Plaintiff testified that she and her husband received from defendants five dollars a month credit on their rent for sweeping the stairway and the hall once a week; this sweeping was their only duty with reference to the stairway or hall; the stairway was her only means of getting downstairs; on the day in question she was very careful; she went slowly and looked ahead of her as nearly as she could; she was looking right down the stairs ahead of her; on the fourth or fifth step from the top she caught her right foot in one of the rubber mattings; she realized something had caught the toe of her right shoe, but she could not catch herself in time to avoid the fall; her right foot did not slip off the step; when her right foot caught, her left foot, with which she was reaching down for the next step, shot out and she landed on her left foot about the seventh step from the bottom; she knew there were weak places in the rubber; after the accident she found that where the accident happened there was a torn place sufficient to catch her toe; when she started down the stairs she knew of no torn or

worn places in the rubber matting which had not been tacked down; before descending she believed the stairs to be safe for her to go down; she did not know before the accident of any fresh tears or breaks in the rubber matting; so far as she knew when she started down the stairs all the rubber matting had been tacked down; the rubber matting was removed some time after the accident. The witness Finch, plaintiff's husband, testified that plaintiff had no control over either the hallway or stairway; he called defendant McPherson's attention to the condition of these rubber mats a week or two before the accident, saying, "Those rubber mats are in very bad shape, there ought to be something done," and McPherson replied, "We ought to have new ones on there"; two or three weeks after the accident the rubber mats were taken up; several times before the accident he found the rubber matting loose and he pushed it back and tacked it down, but it was rotten and would not hold; the rubber mats were torn and dilapidated; before the accident he noticed that on the fourth or fifth step the rubber mat was torn and would bulge up; two or three days before the accident he had tacked down some of the torn places; when plaintiff left to go downstairs she carried a small dishpan with a few clothes in it; he examined the step where plaintiff tripped shortly after the accident and the rubber matting "was torn and turned up— well half way through the mat and turned over. Yes sir— rotten, just torn through"; from the time they first went to live there the condition of the rubber mats had grown worse all the time; the mats were torn and turned up. The witness McClure testified that the rubber was badly worn; he was satisfied in his own mind that anyone could have easily tripped on the mats the way they were and he had no doubt but what that was exactly the way the accident happened. The witness Hickey testified that the rubber mattings were loose and there were tears in them dangerous for persons to catch their feet in; these tears were such that a person's toe could catch in them going downstairs; some of them were torn clear through. The witness Mrs. Hobby testified that the rubber matting was just rotten so that it would not hold the tacks; she tried a good many times to tack the matting down but the matting would pull out; from the time the defendant took over the building up

to the time of the accident the condition of the rubber matting kept getting worse.

The evidence of defendants controverted this in certain particulars.

■ The contention of appellants that the cause of the fall was purely a matter of conjecture is without merit. It may reasonably be inferred from the evidence that as plaintiff placed her right foot on the fourth or fifth step down, the toe of that foot caught either in a hole in, or a loose portion of, the rubber mat, that as she swung her left foot down to place it on the next step below, the fact that her right foot was caught caused her to lose her balance, that feeling herself falling she reached out with her left foot to break the fall and her right foot tore itself loose from the rubber matting and she landed with her whole weight on her left foot seven or eight steps below, with the result that she was injured in the manner complained of. We do not agree with appellants that it is impossible that the accident could have happened in the manner testified to by plaintiff. ■ It is true that the most positive testimony may be rejected as inherently improbable when its falsity appears from the consideration of the undisputed circumstances or from the laws of nature. However, "It cannot be laid down as a rule of law that a plaintiff in a personal injury case cannot recover unless the court can see that every detail of the accident, as testified to by the plaintiff and his witness, is consistent with admitted physical facts and the laws of science." (*Austin* v. *Newton,* 46 Cal. App. 493, 500 [189 Pac. 471, 474].) See, also, *Neilson* v. *Houle,* 200 Cal. 726, 728–730 [254 Pac. 891].

■ The doctrine of *res ipsa loquitur* is not applicable here. The mere fact that plaintiff tripped and fell downstairs does not of itself create a situation in which the doctrine can be invoked. The accident must be of such a nature that it ordinarily would not have occurred but for the defendant's negligence. (*Olson* v. *Whitthorne & Swan,* 203 Cal. 206, 208 [58 A. L. R. 129, 263 Pac. 518].) Here, as in *Marple* v. *Manspeaker,* 88 Cal. App. 682, 685 [262 Pac. 1022, 1023], "The circumstances are not such as to warrant the application of the maxim *res ipsa loquitur.*" See, also, *Wyatt* v. *Pacific Elec. Ry. Co.,* 156 Cal. 170, 174 [103 Pac. 892].

■ Both parties agree to the rule of law that a landlord is liable for damages occasioned by his neglect to keep in a state of repair the portions of a building used in common by his several different tenants. Appellants contend, however, that the degree of repair is to be determined by the condition the building was in at the time the tenant leased his portion of it, that the evidence here shows that the stairs in question were in no greater state of disrepair than when defendants acquired ownership of the building and that, hence, defendants, when judged by this standard, are guilty of no negligence. But, regardless of whether the rule of law contended for by appellants be the correct one, the evidence clearly shows that the condition of the stairs had become worse since defendants acquired the building.

■ Defendants contend that since plaintiff had such an intimate knowledge of the condition of the stairs, her use of them at the time of the accident, in the manner shown, made her guilty of contributory negligence as a matter of law and cite *McGinn* v. *French,* 107 Wis. 54 [82 N. W. 724]. But in that case the condition of the steps was such as to cause the court to state: "If these steps were as unsafe, defective and dangerous as the plaintiff would have us believe, it was little less than foolhardy for anyone to attempt to use them." No such situation is here presented. The stairway used by plaintiff was her only means of getting to the place where the clothes were to be hung out to dry and the mere fact that she may have had previous knowledge that the stairs were in a defective condition, if it be a fact, would not of itself be conclusive evidence that the plaintiff in using them was not exercising due care. (*Looney* v. *McLain,* 129 Mass. 33, at 36 [37 Am. Rep. 295]; *Peil* v. *Reinhart,* 127 N. Y. 381 [12 L. R. A. 843, 27 N. E. 1077]; *Dollard* v. *Roberts,* 130 N. Y. 269 [14 L. R. A. 238, 29 N. E. 104, at 105].) The conclusion of the trial court that plaintiff was free from contributory negligence finds support in the evidence.

The judgment is affirmed.

Marks, J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 10, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 6, 1930.