WILLIAM IONIN AND EDNA IONIN, HIS WIFE, RESPONDENTS, v. E. D. & M. CORPORATION, A CORPORATION, AND FERNLOT, INCORPORATED, A CORPORATION, APPELLANT.

Submitted February 14, 1930—Decided October 20, 1930.

For the appellant, *Nathan G. Krasner.*

For the respondents, *William A. Lord.*

The opinion of the court was delivered by

BODINE, J.   The plaintiffs were monthly tenants of the middle floor apartment of premises at 476 South Seventeenth street, Newark, New Jersey.   The defendant Fernlot, Incorporated, was the owner of the premises.   On September 20th, 1926, Mrs. Ionin was placing some dishes in her pantry. The ceiling plaster fell upon her causing personal injuries for which she and her husband sued and had judgment.

A landlord is liable for injury to a tenant in an apartment house caused by the falling of the ceiling due to à leaky condition of the roof where the landlord has knowledge of the condition and fails to repair within a reasonable time after opportunity so to do has been afforded.   *Perry* v. *Levy,* 87 *N. J. L.* 670; *Gillvon* v. *Reilly* 50 *Id.* 26; *Siggins* v. *McGill,* 72 *Id.* 263; *McCracken* v. *Meyers,* 75 *Id.* 935.

Proofs in the case at bar, though controverted, tend to show that the condition of the ceiling in the defendant's apartment house was due to leaks in the roof, and that the defendant, although its attention was directed to the condition, failed in due time to make repairs, although promising so to do.   The questions thus presented were for the jury under the instructions given.   *Bolitho* v. *Mintz,* 106 *N. J. L.* 449.

The trial court left it to the jury to say whether recovery was barred by contributory negligence, the defense maintaining that as a matter of law Mrs. Ionin assumed the risks of injury by entering the pantry knowing full well the condition of the ceiling and hence cannot recover.   In *Vorrath* v. *Burke,* 63 *N. J. L.* 188, the tenant used an outside stairway to a cellar with full knowledge that the counter-balancing weight affixed to the door was out of repair. The court held that

she assumed the risk of using the door and could not recover. In *Rooney* v. *Siletti,* 96 *Id.* 312, the tenant, with others, had access to a cellar for storing coal. The cellar was reached through an outside stairway. Before the tenant started to use the stairway she observed that the steps were covered with frozen ice and snow. The court also held that her recovery was barred since she assumed the risk. Similar rulings upon similar facts are to be found in *Mullen* v. *Rainear,* 45 *Id.* 520, and *Saunders* v. *Smith,* 84 *Id.* 276.

These cases are in accord with the general rule found in 36 *Corp. Jur.* 223: "That where the tenant has knowledge of the defective condition of the premises and continues thereafter to occupy the same, he is considered to have assumed the risk, and in case of injury resulting from such defects, he is held guilty of contributory negligence, and hence cannot recover. However, mere knowledge of the tenant of the defective condition of the premises is not conclusive evidence of contributory negligence as a matter of law."

This rule, however, is not applicable to the situation here presented where the landlord, or his accredited representative, repeatedly promised to make repairs after his attention had been called to the defective condition in the premises. A number of witnesses testified that there had been repeated complaints respecting the leaky condition of the roof resulting in wet plaster. In *Perry* v. *Levy,* 87 *N. J. L.* 670, as in this case, the tenant asked to have the ceiling and roof repaired. The agents of the landlord promised the repairs would be made. Hence, the tenant cannot be regarded as assuming the risks during the time that is reasonably proper for the making of repairs. 36 *Corp. Jur.* 224.

It is unjust and unreasonable to require a tenant, where the landlord has promised to make repairs, to go to the expense and inconvenience of vacating the premises without waiting a reasonable time for the repairs to be made. *Pincus* v. *Schlechter,* 167 *N. Y. App. Div.* 361.

"The promise to repair after the landlord had had its attention called to the defective condition would relieve the

tenants from the burden of assuming the risk during such time as would reasonably appear proper for the repairs to be made and the promise of the landlord to be fulfilled." *Stoops* v. *Carlisle-Pennell Lumber Co.*, 219 *Pac. Rep.* 876; *Nutter* v. *Colyer* (*Mich.*), 146 *N. W. Rep.* 643.

The rulings of the trial court in excluding evidence that the landlord had sued for an unpaid balance of rent was not error. The failure to pay rent had no bearing whatever upon the issues presented. Further, we see nothing erroneous in excluding evidence respecting the condition of the ceiling four months after the accident.

The trial judge quite properly stated the rule that only damages which naturally and proximately resulted from the defendant's negligence were recoverable. He went on to state the elements of damage proved and adverted to the conflict of testimony concerning the same. The points requested being clearly and concisely covered in the charge, no obligation existed to charge the law in the precise language of counsel. The other matter suggested in the brief of appellant admit of no discussion.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.