LEBOVICS v. HOWIE.

1. MUNICIPAL CORPORATIONS—REPAIR OF DWELLING HOUSES—STATUTES.
    The State housing law, requiring landlords to keep every dwelling and all parts thereof in good repair, applies to the city of Detroit (1 Comp. Laws 1929, § 2559, as amended by Act No. 303, Pub. Acts 1939).

2. LANDLORD AND TENANT—COMMON PASSAGEWAY IN MULTIPLE DWELLING—REPAIRS—CONTRIBUTORY NEGLIGENCE.
    Mere continued use of a common passageway in a multiple dwelling, after knowledge of its dangerous condition, is not of itself conclusive evidence of a lack of due care on the part of the

tenant, since such knowledge does not require the tenant to desist from using the same in a careful manner, nor render the careful use of same contributory negligence.

3. SAME—TENANT'S KNOWLEDGE OF DEFECTIVE CONDITION OF PREMISES.

Generally, the mere fact that a tenant is aware of the defective condition of a portion of the premises, which it is the duty of the landlord to repair, does not, as a matter of law, make it contributory negligence to continue to use the same, if it reasonably appears that he might safely do so with the exercise of care.

4. SAME—CONTRIBUTORY NEGLIGENCE OF TENANT—QUESTION FOR JURY—DIRECTED VERDICT—EVIDENCE.

On appeal from directed verdict for defendant in action by tenant of four-family apartment house for injuries sustained when she fell on defective stairway to basement used with other tenants, testimony when viewed in light most favorable to plaintiff presented a question of fact for jury as to whether or not plaintiff exercised proper care in her use of the stairway which she knew was defective.

Appeal from Macomb; Reid (Neil E.), J. Submitted October 8, 1943. (Docket No. 76, Calendar No. 42,327.) Decided November 29, 1943.

Case by Julia Lebovics against Lyle Howie for damages for personal injuries sustained when she fell on a defective stairway. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*James A. Markle,* for plaintiff.

STARR, J. Plaintiff, about 60 years of age, and her husband occupied a ground-floor apartment in a four-family apartment house owned by defendant in the city of Detroit, for which they paid a monthly rental of $40. They were entitled to use a portion of the basement, access to which was by a rear stairway used in common with other tenants. While

plaintiff was descending such stairway on November 7, 1941, a step broke, causing her to fall. She sustained a broken wrist and other injuries.

In November, 1941, plaintiff began the present suit to recover damages for her injuries which, she alleged, resulted from defendant's failure to maintain said stairway in a safe and proper condition. Defendant answered, denying the charge of negligence and alleging that said stairway was in good condition. At the conclusion of plaintiff's proofs, the trial court granted defendant's motion for a directed verdict. The court said in part:

"I am inclined to think there is contributory negligence. She (plaintiff) swears that she had been living in that same house for nine years constantly using the stairway, knew its deteriorating condition, * * * getting worse all the while, and saw fit to use it. * * *

"Now, the plaintiff claims that Lyle Howie (defendant) became apprised of the fact that this stairway was defective and that he failed to repair it. * * *

"Under the undisputed facts in the case the plaintiff knew well the defective condition, knew it in fact far better and in far greater detail than the landlord. She saw fit to use the stairway, knowing its defective condition, and it would be her duty to prove not only the negligence of the landlord in order to entitle her to a recovery, she would be required to prove * * * her own freedom from contributory negligence. * * * She having failed to do so, the duty devolves upon the court to direct a verdict * * * of no cause for action because of the contributory negligence of the plaintiff herself."

Plaintiff's motion for a new trial was denied, judgment was entered on the directed verdict for defendant, and plaintiff appeals.

Plaintiff presented testimony showing that the stairway had been in a defective condition for several years; that defendant had been notified and knew of such condition; and that he had promised to repair it but had failed to do so. The State housing law (1 Comp. Laws 1929, § 2487 *et seq.* [Stat. Ann. § 5.2771 *et seq.*]) is applicable to the city of Detroit. Section 71 of said law as amended by Act No. 303, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 2559, Stat. Ann. 1943 Cum. Supp. § 5.2843), provides in part: "Every dwelling and all the parts thereof * * * shall be kept in good repair by the owner."

The only question before us is whether or not, by using such stairway in its known defective condition, plaintiff was guilty of contributory negligence as a matter of law. She was entitled to use the stairway in connection with her tenancy of the apartment, and her testimony indicates that she used it in a careful manner. She said:

"*Q.* What was the condition of the wood as you observed it of these stairways at that time?
"*A.* The wood was sprung and rotten.
"*Q.* This occasion on November 8 (7), 1941, when you fell, the stair gave way, were you proceeding on these stairways slowly or rapidly?
"*A.* I went slow. * * * (I) had hold of the wall and then it broke.
"*Q.* Were you holding onto the wall as you proceeded down these stairs?
"*A.* I helped myself on the wall."

In *Home Realty Co.* v. *Carius,* 189 Ky. 228 (224 S. W. 751), plaintiff rented an apartment from defendant and used a hallway in common with other tenants. The steps leading to this hallway were in a defective condition, and both plaintiff and defend-

ant knew of such condition. Plaintiff was injured by falling from the steps. In discussing defendant's claim of contributory negligence, the court said:

"Mere continued use of a common passageway, after knowledge of its dangerous condition, is not of itself conclusive evidence of a lack of due care on the part of the tenant, since such knowledge does not require the tenant to desist from using the same in a careful manner, nor render the careful use of same contributory negligence."

In *Brenner v. Landsmann Co.*, 181 App. Div. 331 (168 N. Y. Supp. 653), plaintiff was injured in a fall caused by a defective step in a stairway. She had known of such defective step for several months. The court there said:

"It cannot be said that the plaintiff was guilty of contributory negligence as matter of law, and the jury would have been warranted in finding that she exercised proper care."

In *Looney v. McLean*, 129 Mass. 33 (37 Am. Rep. 295), the court, in holding that plaintiff was not guilty of contributory negligence in falling on a defective stairway, said:

"The fact, if proved, that the plaintiff had previous knowledge that the stairs were in a dangerous condition, would not be conclusive evidence that the plaintiff was not in the exercise of due care."

In *Baum v. Bahn Frei Mutual Building & Loan Assn.*, 237 Wis. 117 (295 N. W. 14), the court said, p. 124:

"Generally, the mere fact that a tenant is aware of the defective condition of a portion of the premises, which it is the duty of the landlord to repair, does not, as a matter of law, make it contributory

negligence to continue to use the same, if it reasonably appears that he might safely do so with the exercise of care."

The rule applicable to the situation in the present case is expressed in 2 Restatement, Torts, pp. 977, 978, 1243, §§ 360, 473, as follows:

"A leases an apartment in an apartment house to B. A step upon the common stairway by which. the apartment of B as well as that of other tenants is reached, *is to the knowledge of B and his family in bad condition* but not in such a dangerous condition that a reasonable man would regard it as foolhardy to use the stairway. C, the wife of B, while ascending the stairway and exercising reasonable care to avoid harm from the defective step, slips upon it and is hurt. A is liable to C."

"If the defendant's negligence has made the plaintiff's exercise of a right or privilege impossible unless he knowingly exposes himself to a risk of bodily harm, the plaintiff is not guilty of contributory negligence in so doing unless the risk is unreasonable."

See, also, *Nutter* v. *Colyer,* 180 Mich. 107; *Mason* v. *Howes,* 122 Mich. 329; *Finch* v. *Willmott,* 107 Cal. App. 662 (290 Pac. 660); *Dean* v. *Hershowitz,* 119 Conn. 398 (177 Atl. 262); *Dillehay* v. *Minor,* 188 Iowa, 37 (175 N. W. 838, 11 A. L. R. 106); *Roman* v. *King,* 289 Mo. 641 (233 S. W. 161, 25 A. L. R. 1263).

Plaintiff was not obliged to vacate the apartment because defendant failed to repair the defective stairway in question, nor was she obliged to cease using such stairway provided she exercised reasonable and proper care in such use.

Notwithstanding our holding in *Town* v. *Armstrong,* 75 Mich. 580, which was decided prior to the

adoption of the State housing law, we are convinced that, viewing the testimony in the light most favorable to plaintiff, she was not guilty of contributory negligence as a matter of law. The testimony clearly presented an issue of fact for jury determination as to whether or not plaintiff exercised proper care in her use of said stairway.

The judgment for defendant is reversed and a new trial granted. Plaintiff shall recover costs.

BOYLES, C. J., and CHANDLER, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.