EDITH WRONA, APPELLANT, V. FRED A. SCHRAWGER, APPELLEE.

108 N. W. 2d 95

Filed March 10, 1961. No. 34886.

*Tesar & Tesar,* for appellant.

*Wear, Boland, Mullin & Walsh,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action at law brought by Edith Wrona as

plaintiff in the district court for Douglas County, against Fred A. Schrawger, defendant, to recover damages for personal injuries sustained by the plaintiff when she was struck by an automobile driven by the defendant while she was crossing a street in a crosswalk in the city of Omaha. At the close of the plaintiff's case the defendant made a motion for a directed verdict in favor of the defendant or, in the alternative, to dismiss the plaintiff's petition. The trial court sustained the defendant's motion, dismissed the plaintiff's petition and cause of action, and rendered judgment for the defendant. The plaintiff filed a motion for new trial which was overruled. From the order overruling the plaintiff's motion for new trial, the plaintiff appeals.

The plaintiff's petition, insofar as necessary to consider here, alleged that the defendant's negligence and carelessness were the proximate cause of the accident and injuries sustained by the plaintiff in the following particulars: In failing to stop his automobile in compliance with the red traffic signal for traffic traveling east and west at the intersection; in failing to maintain a lookout for the plaintiff who was lawfully crossing the street in the pedestrian crosswalk; in failing to sound his horn or give any signal to the plaintiff of his approach to the intersection; in failing to apply his brakes in time to avoid striking the plaintiff; and in failing to yield the right-of-way to the plaintiff who was crossing the intersection and street with the traffic control lights in her favor.

The defendant's answer to the plaintiff's petition alleged that if the plaintiff sustained any injuries or damages, the same were the direct and proximate result of her own negligence and want of care which caused and directly contributed to cause the accident.

The plaintiff assigns as error that the trial court erred in dismissing the plaintiff's petition and cause of action; and that the trial court's findings and judgment are not supported by the evidence and are contrary to law.

The plaintiff testified that on October 25, 1958, her husband picked her up in his automobile from her place of work about noon, and let her out at Fourteenth and Douglas Streets in Omaha; that Fourteenth Street is a one-way street for traffic moving to the south, and Douglas Street is a one-way street for eastbound traffic; that after she left her husband's car she went to the southwest corner of the intersection of Douglas and Fourteenth Streets; that the traffic signals on Douglas Street at that time were red; that she stood on the corner and waited for the signal light to change, and when it changed she started to cross Douglas Street in the crosswalk which she estimated to be 10 or 15 feet wide; that she believed she was walking in about the middle of the crosswalk; and that after the signal light turned green she took 7 or 8 steps into the street when she was struck by the defendant's automobile. This witness further testified that she first noticed the defendant's automobile when she had taken 2 or 3 steps out into the street in the crosswalk. At that time the defendant's automobile was 4 or 5 car lengths, or about 70 or 75 feet, west of the crosswalk. She kept on walking, believing that the defendant would stop his automobile. She was not able to tell the speed of the defendant's automobile, but testified that it was moving and that the left front fender of the defendant's automobile struck her on her left hip while she was in the crosswalk. This witness further testified that she believed she screamed just before being struck by the defendant's automobile; that after being struck by it she was in a sitting position on the pavement, facing east; that from the time she left the curb until she was struck by the defendant's automobile she heard no sound of a horn or warning of any kind; that the defendant's automobile did not deviate or turn in any direction from the time she first saw it; and that there were other cars to the north of the defendant's car which were standing still waiting for the traffic light to change in their favor so they

could proceed east. After the impact, the plaintiff was assisted by two boys who helped her back to the curb, and she waited until the police came and then was taken to the Douglas County Hospital.

The cross-examination of the plaintiff showed that at the time she was struck by the defendant's automobile she had reached the north edge of the first driving lane on the south side of Douglas Street.

A detective sergeant connected with the Omaha police department testified that on October 25, 1958, he was let out of a police car by his partner at the corner of Fourteenth and Douglas Streets; that he was on duty and was going to the Chrysler Cafe on the south side of Douglas Street between Fourteenth and Fifteenth Streets; that he went to the northwest corner of the intersection and waited for the traffic light to change so that he could walk south on the west crosswalk across Douglas Street; that he saw the plaintiff facing him, waiting for the signal light to change; that she was on the southwest corner of the intersection; and that as the signal light changed, this witness started to walk south in the crosswalk and the plaintiff started to walk north in the crosswalk on Douglas Street. This witness further testified that when the plaintiff left the curb an automobile came from the west proceeding east and struck the plaintiff on her left side with its left front headlight and fender; and that the plaintiff rolled off the car and sat on the street facing east. This witness further testified that he believed the plaintiff was out in the crosswalk 6 or 7 steps, or possibly 15 to 18 feet, into the intersection at the time the accident occurred; that the automobile that struck the plaintiff was traveling in the first traffic lane south on Douglas Street; that the crosswalk on Douglas Street is a marked crosswalk; that the plaintiff was walking near the marked line of the crosswalk closest to the west side thereof and was within the crosswalk; that as the defendant's automobile struck the plaintiff it made a noise like a

"thump"; and that the defendant applied his brakes and his automobile "rocked." This witness further testified that when the defendant's automobile stopped, the front of it was mostly through the crosswalk and fairly close to the east boundary of the crosswalk; and that after the accident this witness went directly across the street and told the defendant to shut off the motor of his automobile. He talked to the defendant and asked him what happened. The defendant told him that he had brought his wife downtown, let her out at Brandeis store, and was heading east on Douglas Street. He had a dog in his lap and it started to vomit. He endeavored to push the dog aside to keep it from vomiting on him, and he did not see the plaintiff.

A police officer assigned as investigator for the traffic bureau of the city of Omaha testified that he investigated the accident, and when he arrived at the scene of the accident he talked to the defendant. The defendant stated that he was proceeding east on Douglas Street and the signal light was red for eastbound traffic; that he could not state how far away from the intersection he noticed the traffic light; that arriving at the intersection he noticed the dog was sick and tried to push it away from him; that his automobile was traveling about 5 to 8 miles an hour; and that he struck a pedestrian and did not see her until the time of impact. The defendant pointed out to this witness the point of impact, and it was measured and found to be 20 feet north of the south curb of Douglas Street and about 1 foot east of the west line of the crosswalk, but inside the confines of the crosswalk. Douglas Street is 60 feet wide at this point, and there are four traffic lanes and two parking lanes across Douglas Street.

The following are applicable to the instant case.

"A motion for a directed verdict must, for the purpose of a decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted an behalf of the party against whom the mo-

tion is directed, and said party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the facts in evidence." Halliday v. Raymond, 147 Neb. 179, 22 N. W. 2d 614. See, also, Buie v. Beamsley, *ante* p. 181, 105 N. W. 2d 738.

Section 39-751, R. R. S. 1943, provides in part: "The driver of any vehicle upon a highway within a business or residence district shall yield the right-of-way to a pedestrian crossing such highway within any clearly marked crosswalk or any regular pedestrian crossing included in the prolongation of the lateral boundary line of the adjacent sidewalk at the end of a block, except at intersections where the movement of traffic is being regulated by traffic officers or traffic direction devices."

"If there is any evidence which will sustain a finding for the party having the burden of proof in a cause the trial court may not disregard it and direct a verdict against him." Burhoop v. Brackhan, 164 Neb. 382, 82 N. W. 2d 557.

"When different minds may reasonably draw different conclusions from the same facts as to whether or not they establish negligence or contributory negligence, such issues should be submitted to the jury." Hammond v. Morris, 147 Neb. 600, 24 N. W. 2d 633. See, also, Buie v. Beamsley, *supra*.

We conclude that under the facts as shown by the record in this case, the questions of the negligence of the defendant while driving his automobile at the time of the accident, and the contributory negligence of the plaintiff, if any, are questions of fact to be determined by a jury.

For the reasons given herein, the judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

WENKE, J., not participating.