INEZ HUTSELL, APPELLANT, V. REECE EDENS AND SYBIL R. EDENS, DOING BUSINESS AS EDENS SCHOOL OF HAIRDRESSING, ET AL., APPELLEES.

111 N. W. 2d 388

Filed October 27, 1961. No. 34967.

*Hal W. Bauer,* for appellant.

*Groth & Biehn* and *Cline, Williams, Wright, Johnson, Oldfather & Thompson,* for appellee Reece Edens.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This action as originally instituted was an action for damages on account of injury sustained by Inez Hutsell, plaintiff, appellant here, against Reece Edens and Sybil R. Edens, doing business as Edens School of Hairdressing, and Community Development Company, a corporation, defendants. Before the trial of the case Sybil R. Edens died. As to her there was no revivor. The case was tried to a jury. At the conclusion of the evidence on the part of the plaintiff, the defendant Community Development Company moved in the alternative for a directed verdict or for dismissal of the petition for the reason that the evidence did not sustain a cause of action. This motion was sustained and no appeal has been taken from that adjudication. At the same time the other defendants filed a similar motion, ruling on which was at the time reserved. At the conclusion of all of the evidence this latter motion was renewed at which time it was sustained and the action of the plaintiff was by the judgment of the court dismissed. From this judgment the plaintiff has appealed. The only appellee, since there was no revivor as to Sybil R. Edens, is Reece Edens.

The action grows out of a fall by plaintiff on a flight of steps leading from the first or ground floor to the basement of premises at 230 North Thirteenth Street in Lincoln, Nebraska, occupied by the appellee and Sybil R. Edens as a school of hairdressing and beauty culture. The fall occurred on April 21, 1958. The plaintiff was a registered student at the school having registered on or about January 24, 1958, and having been in regular

attendance thereafter until her fall on April 21 of that year.

The action is predicated on negligence and proximate cause, and the question, in the light of the record, is that of whether or not there was evidence in the record on which to base a finding that the appellee was guilty of negligence which was the proximate cause of plaintiff's fall and of her injuries. The alleged grounds of negligence are in substance as follows: (1) Failure to have the stairway lighted; (2) failure to have proper handrails; (3) failure to have proper covering on the steps; (4) failure to have steps of sufficient width; (5) maintaining a stairway which was too steep for safety; and (6) neglecting to keep the stairway in repair.

It is of course true that the action having been dismissed on the ground that the evidence did not sustain the plaintiff's cause of action, this court on review is required to resolve every controverted fact in her favor and to give her the benefit of every reasonable inference which may be deduced from the evidence. See, Christ v. Nelson, 167 Neb. 799, 95 N. W. 2d 128; Wrona v. Schrawger, 171 Neb. 814, 108 N. W. 2d 95.

The description of the premises to the extent necessary to set it out herein and to the extent possible to state it in the light of the contents of the record is about as follows: This school was located on the ground floor at 230 North Thirteenth Street in Lincoln, Nebraska. It faced to the west. The number of rooms has not been made certain. There was however a partition extending from east to west. The area to the south of the partition was referred to as the professional side. On the north of the partition was the students' side. At the extreme east end on the students' side was a classroom the dimensions of which were about 12 by 15 feet. There were no windows in this classroom. There was an entrance to this classroom through a door from the north or students' side. The exact location of this door is not made known but obviously it was some distance west

of the east end of the classroom. At some point along the east wall of the classroom was an opening in the floor for a stairway which led downward and in a southerly direction along the east wall into a basement. The stairway was 2½ to 3 feet in width. There was a partial enclosure about the entrance to the stairway. This was the east wall of the building and what was called a railing which was some distance to the south of the entrance to the stairway and on the west side thereof. This was of solid paneling construction and was 3 or 4 feet high. This stairway extended downward into a basement which was used for storage of wraps worn by those in attendance at the school. About this there is no substantial dispute.

The pertinent evidence as reflected by the record on the question of negligence and proximate cause and the manner in which the accident happened, stated most favorably to the plaintiff, discloses that there were 11 steps from the top to the bottom of the stairway. The angle of descent was 44 to 45 degrees. The stairway was open back of the treads. The maximum tread width ranged from 6⅞ to 7¼ inches, although the usable portion on descent was somewhat less on account of necessary clearance of the step above. The vertical distance between the steps was 7 inches. There was one light and no windows in the classroom where the stairway was located. This was a bulb light. There is evidence on the part of the appellee that there were other lights, but this is disregarded here since this is unfavorable to the plaintiff. The upper part of the stairway was lighted a part of the way down, just how far is not disclosed, but over the area a shadow was thrown by the plaintiff and the railing. There was no other light. Somewhere on the ceiling of the basement near the top of the stairs was a basement light and light switch. The exact location has not been disclosed. This light was not on, at least at the commencement of the incident which is under inquiry here.

The pertinent evidence which reflects what actually happened is the following: The accident happened just after the plaintiff returned from lunch at about 1 p.m. The plaintiff entered on the students' side, spoke briefly to Sybil R. Edens, after which she went back to the classroom. After that she went directly to the stairs with her coat. When she reached the stairs she started down and descended "approximately" four steps. She then reached out to turn on the light in the basement ceiling over the stairway, the purpose of which was to furnish light to the stairway and to light the basement. She extended her arm to turn on the light. She fell. She said that "The steepness and the darkness of the stairs and no lighting down there and reaching for that light" caused her to fall.

There is no other or further evidence of probative value in the record relating antecedently or at the time to the proximate cause of the fall. The conditions that day were well known to the plaintiff and she was using these premises as had been her wont regularly since January 24, 1958.

In the evidence there is nothing to sustain plaintiff's burden of proving that any one or more of her allegations of negligence amounted to actionable negligence. There is nothing whatever to show directly or by reasonable inference that anything which the appellee did or failed to do was the proximate cause of her fall.

The plaintiff has proceeded on the theory that she was an invitee and that the appellee was bound by the duties owed to invitees. There is no doubt that the plaintiff was an invitee and that the appellee owed this duty to her. The appellee does not contend otherwise, but there was no obligation to respond in the absence of proof of actionable negligence and proximate cause.

In Broadston v. Beddeo Clothing Co., 104 Neb. 604, 178 N. W. 190, this court said in a case where a customer brought action: "The fact that a customer falls upon a stairway does not raise any presumption of negligence

on the part of the proprietor of the store, and the doctrine of res ipsa loquitur does not apply."

In the opinion in that case the following significant language appears: "It is not shown that she looked down where she was standing before turning to descend the stairs, and that because of poor light she was unable to see the floor or carpet." See, also, Thompson v. Young Men's Christian Assn., 122 Neb. 843, 241 N. W. 565; Annotations, 64 A. L. R. 2d, § 13, p. 451, 66 A. L. R. 2d, § 12, p. 473.

Nebraska cases, pro and con, bearing on the duty of an inviter to an invitee are collected in Rankin v. J. L. Brandeis & Sons, 135 Neb. 86, 280 N. W. 260. A perusal of the opinion in this case makes it clear that where there is a lack of evidence of actionable negligence and of proximate cause, as is true in this case, there is no question for determination by a jury.

For the reasons herein stated, the judgment of the district court is affirmed.

AFFIRMED.