Katherine **SIMMONS**, Appellant,

v.

**CITY STORES COMPANY**, Appellee.

No. 25542.

United States Court of Appeals
Fifth Circuit.

June 12, 1969.

Edward L. Hardin, Jr., Birmingham, Ala., for appellant.

Evans Dunn, Jack B. Porterfield, Jr., Birmingham, Ala., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

The single issue in this case is controlled by Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969). Under *Boeing* both the district court in the first instance and this court on review are to judge the propriety of a directed verdict (or judgment n. o. v.) by determining

whether there is "a conflict in substantial evidence." 411 F.2d at 375.

If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.

*Id.* In making this determination "the Court should consider *all* of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Id.*

In the instant case the district court directed a verdict for appellees at the end of appellant's case. The pertinent testimony was as follows. Appellant, a 74 year old woman, entered a department store in Birmingham, Alabama for the purpose of exchanging merchandise. She went to the escalator that would take her to the basement. She had ridden it many times before. As she approached the escalator she had her purse over her left arm and a small sack in her right hand; she waited until she saw the first step, grabbed the moving handrail with her right hand, and stepped on the escalator. She did not move her feet after getting on. She was wearing shoes which did not have high heels.

Appellant testified that she noticed no change in speed of the handrail or the treads (steps), and no unusual motion of the escalator. But, on the other hand, she testified when the escalator reached a point about half-way between the first floor and the basement, "it felt like something hit my heel and knocked my feet from under me. I don't know what it was. I heard a cracking noise and something hit my heel." She was not then moving about. No one else was on the escalator at the time. She saw no object on the escalator which could have struck her. Appellant was thrown forward, blacking out after she hit the steps. The next thing she recalled was being on the floor in the basement. Both appellant and one of the treating doctors testified that she had no history of fainting spells.

■■ We believe that the testimony establishes a conflict in substantial evidence necessitating a reversal of the district court's grant of a directed verdict. Appellant was compelled by the nature of the case to rely on the doctrine of res ipsa loquitur, and, this being a diversity case, the district court was bound to follow the law of Alabama on that doctrine. The Alabama Supreme Court has explained res ipsa loquitur as follows:

When a thing causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such, as, in the ordinary course of things, does not occur if the one having such control uses proper care, then the injury arose from the defendant's want of care.

Alabama Power Co. v. Berry, 254 Ala. 228, 48 So.2d 231 (1950). In a pre-trial conference the parties stipulated the issues to be decided.[1] The district court

---

1. The Pre-trial order read, in part:
   2. It was agreed by all of the parties that the following are all of the issues in controversy in this cause:
   Plaintiff claims of defendant, City Stores Company, a corporation, the sum of $75,000 as damages for personal injuries, incidental medical expenses and loss of earnings which she contends proximately resulted from the negligence of defendant on October 20, 1965, at which time she was a customer or invitee in defendant's downtown store. Contending that she was a passenger on an escalator in such store, she insists that her injuries and damages proximately resulted from the failure of defendant to exercise the highest degree of care or skill exercised in the management and operation of escalators of a similar character and nature. (We assume the parties agreed on this standard of care

in directing the verdict stated that it found no evidence of negligence since there was no proof, actual or by inference, that there was a sudden, unexpected and violent jerk of the escalator. When a moving escalator in normal operation is half way down its descent, the tread would be level and incapable of striking the heel of a foot which has not been moved from its original position and is not then being moved. The pretrial order gave a very narrow description of the alleged occurrence, but we conclude that appellant's description of what happened is within the phrase of the pre-trial order "unexpected movement." Her testimony describing the noise and the blow on the heel and being thrown forward, as against her testimony of no change in speed or movement of treads or handrails, created an issue for the jury.

Reversed and remanded.

BELL, Circuit Judge (dissenting):

I respectfully dissent. As I perceive the holding of the majority, it is that the doctrine of *res ipsa loquitur* should have carried plaintiff-appellant to the jury. I cannot agree. The case of Alabama Power Co. v. Berry, 254 Ala. 228, 48 So.2d 231 (1950), cited by the majority on the Alabama *res ipsa loquitur* standard is inapposite. One of the essential elements is that "the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care." *Alabama Power,* supra, 48 So.2d at 238. See also Prosser, Torts, 218. This element was present in *Alabama Power,* a case involving a fallen electrical power line on the premises of the plaintiff. In my view that element is not present here.

The classic case is, of course, Byrne v. Boadle, 1863, 2 H. & C. 722, 159 Eng. Rep. 299, in which a barrel of flour rolled out of a warehouse window and fell upon a passing pedestrian below. As

applied to the facts here, the doctrine means that the fact of the plaintiff's fall speaks for itself and that the injury would not have occurred absent a lack of proper care on the part of defendant storekeeper in its maintenance of the escalator. This is simply contrary to experience. People do fall or slip on escalators without any negligence on the part of the storekeeper. Especially is this true, as here, where the plaintiff is quite elderly.

There are apparently no Alabama decisions involving escalators and *res ipsa loquitur.* There are cases, somewhat analogous, involving plaintiffs who have slipped on stairs, situations which have been held by two states not to invoke *res ipsa loquitur.* Hutsell v. Edens, 1961, 172 Neb. 592, 111 N.W.2d 388 and Finch v. Willmott, 1930, 107 Cal.App. 662, 290 P. 660.

I would affirm.

rather than ordinary care on the theory that the store, as operator of an escalator, had the duty of a common carrier. Since the parties agreed to this standard

we have not searched the Alabama law on the question.) She insists that her fall resulted from a sudden, violent, and unexpected movement of such escalator.